**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-50248

_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

VERSUS

ANTHONY LAMONE MISHER, RICKY E. LEVI,
RODNEY EARL HESLIP, and KEITH O. COBB

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Western District of Texas

_____

October 30, 1996

Before REYNALDO G. GARZA, JOLLY, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

This appeal arises from a drug conspiracy which operated in Waco, Texas, from 1989 to 1993. All the appellants were convicted and sentenced on indictments arising from this conspiracy. More specifically, all the appellants were convicted for conspiring to possess and distribute cocaine in and about the Waco area. Additionally, appellants Cobb and Levi were also convicted for conspiring to launder money from the proceeds they received out of the drug conspiracy. All the appellants challenge both their convictions and their sentences.

I. Facts and Summary of Proceedings

In January 1994, a federal grand jury, sitting in the Waco Division of the Western District of Texas, filed the second superseding indictment ("the indictment") involved in the instant case. Count one of the indictment charged Appellants Anthony Lamone Misher, Ricky E. Levi, Rodney Earl Heslip, and Keith O. Cobb, as well as Clemond E. Busby, and Gerald D. Hicks, Jr.[1] and others known and unknown to the Grand Jury, with conspiring to possess cocaine with the intent to distribute it, in violation of 21 U.S.C. § 846, and actually distributing it, in violation of 21 U.S.C. § 841(a)(1). Count two charged Appellant Cobb and Natalie Annique Bradshaw[2] with conspiring to launder money by using funds they knew to be the proceeds of illicit drug trafficking to purchase a 1984 Jaguar in such a way as to disguise the nature, location, source, ownership, and control of the drug proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). In Count Three of the indictment, the grand jury charged Appellant Levi and Gerald D. Hicks, Jr.[3], with laundering money in the same fashion as Appellant Cobb had been charged in Count Two. A jury convicted all the appellants as charged in their indictments.

The district court sentenced Misher to serve 360 months in

---

[1] Neither Busby nor Hicks is a party to this appeal. Hicks pled guilty to Count Three of the indictment and Busby pled guilty to Count Four. They testified for the government at trial.

[2] Bradshaw is not a party to this appeal.

[3] See note 1, supra.

prison and four years of supervised release.  It also ordered him to pay a $50 special assessment and a $3,000 fine.

The district court sentenced Levi to serve 300 months in prison and five years on supervised release on Count One of the indictment; he was sentenced to 240 months in prison and three years of supervised release on Count Three.  The court ordered the sentences on Count Three to be served concurrent to those on Count One.  It also imposed a $100 special assessment and a $3,000 fine.

Heslip was ordered to serve a 120-month imprisonment term followed by five years of supervised release for his conviction on Count One of the indictment.  The court imposed a $50 special assessment and a $2,000 fine, as well.

Cobb was sentenced to 400 months in prison and five years of supervised release on Count One; he was ordered to serve 360 months in prison and three years of supervised release on Count Two.  The court ordered the terms to be served concurrent to each other.  It also ordered Cobb to pay a $100 special assessment and a $10,000 fine.

Cobb was the hub of a drug conspiracy which included all of the appellants.  He established his drug trade in Waco and competed for business with another drug dealer by the name of Keith Dancer. Cobb and Dancer were the "two top-notch drug dealers" in Waco.

Misher sold cocaine for Cobb and was present three or four times when Cobb sold cocaine to others.  In fact, Misher and Cobb sold cocaine as a team.  At one point in time, Cobb gave Misher a Cadillac.

Levi and Cobb also dealt cocaine together. Cobb sold cocaine in the presence of Levi; Levi received cocaine from Cobb; Cobb taught a witness how to manufacture crack cocaine in Levi's kitchen; Levi went so far as to tell a witness that he and Cobb had a bunch of crack houses in Waco.

Heslip sold cocaine as well. He was also associated with Cobb, both directly and indirectly. Indirectly, Heslip worked for Cobb. This is evidenced by the fact that Heslip was driving a car from which Misher sold three ounces of cocaine and was fully aware of this transaction. Directly, his relationship went beyond drug trafficking. Heslip was Cobb's half-brother.

## II. Discussion

### A. Sufficiency of the evidence

#### 1. Standard of review

A conviction must be allowed to stand if, after viewing the evidence in the light most favorable to the prosecution, the reviewing court finds that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 309; 99 S.Ct. 278 (1979).

#### 2. Rodney Earl Heslip

Heslip challenges the sufficiency of the evidence to support his conviction on Count One: Conspiracy to possess and distribute

4

cocaine and distributing cocaine.

In order to sustain appellant's convictions for a drug conspiracy, the evidence must establish beyond a reasonable doubt that: (1) there existed an agreement between two or more persons to violate narcotics laws; (2) the appellant had knowledge of the agreement; and (3) he voluntarily participated in it. *United States v. Gonzalez*, 76 F.3d 1339, 1346 (5th Cir. 1996). Merely placing a defendant in a "climate of activity that reeks of something foul" is not enough to support a conspiracy conviction. *United States v. Dean,* 59 F.3d 1479, 1485 (5th Cir. 1995) (*quoting United States v. Galvan,* 693 F.2d 417, 419 (5th Cir. 1982)). Nevertheless, a jury may infer each element of a conspiracy from circumstantial evidence: "an agreement to violate narcotics laws may be inferred from concert of action." *United States v. Cardenas,* 9 F.3d 1139, 1157 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 2150 (1994). In fact, a defendant need only have a minor role in the conspiracy once it is shown that he voluntarily agreed to participate. *United States v. Castillo*, 77 F.3d 1480, 1493 (5th Cir. 1996), *cert. denied,* ___ S.Ct. ___, 1996 WL 442629. His presence and association with other members of a conspiracy, when supported by other evidence, may be used to support the finding of a conspiracy. *United States v. Casilla*, 20 F.3d 600, 603 (5th Cir.), *cert. denied*, 115 S.Ct. 240 (1994); *Cardenas*, 9 F.3d at 1157.

As mentioned above, the government showed that Heslip sold cocaine. (13 R. 907). Two individuals, Luis Sais and Clemond

Busby, testified that they purchased drugs from Heslip. More specifically, Busby testified that he purchased "six or seven rocks" from Heslip. (11 R. 533-534). Sais also bought crack cocaine from Heslip. (12 R. 726). Furthermore, Heslip was driving his car from which he knew Misher was selling cocaine. (13 R. 906-907). In searching Heslip's car, the phone number to a pager owned by Cobb was found by the police. (10 R. 153; 14 R. 1329). Several receipts and documents belonging to Cobb were also found in Heslip's possession. (11 R. 236-249). During the execution of a search warrant at Heslip's residence, the police found and seized a .22 caliber Marlin rifle (11 R. 263), cocaine-cutting paraphernalia (11 R. 264), a shotgun (11 R. 266), and other traditional crack-manufacturing supplies (11 R. 266-267).

As Cobb is Heslip's half-brother, the probative value of this evidence concerned us at first glance. However, after reviewing the record, reading the briefs, and listening to appellant's argument, we find that the jury was presented with more than sufficient evidence so that a rational trier of fact could have found the essential elements of his conviction beyond a reasonable doubt.

2. Misher, Levi, and Cobb - Conspiracy

The remaining three appellants also contend that the evidence presented at trial was insufficient to uphold their conspiracy convictions. However, the record is replete with evidence as to Misher, Levi, and Cobb's conspiracy and distribution

6

convictions. Given the standard of review as dictated above, the case law behind conspiracy to possess and distribute and distributing cocaine, and a thorough review of the record, appellants' arguments and briefs, we must uphold the lower court's conspiracy convictions of these three defendants as charged.

3. Levi and Cobb - Money Laundering

To obtain a conviction for money laundering, the government must show that a defendant: (1) knowingly conducted a financial transaction; (2) that involved the proceeds of an unlawful activity; (3) knowing that the transaction was in whole or in part to conceal the nature, the location, the source, the ownership, or the control of the proceeds of an unlawful activity. 18 U.S.C. § 1956(a)(1)(B)(1).

The grand jury indicted Cobb for purchasing a 1984 Jaguar in violation of 18 U.S.C. § 1956. In support of this indictment the government presented evidence to show that Cobb had purchased the automobile for $14,500 in cash. (13 R. 1181). In fact, Cobb came in to the dealership carrying the money in a small suit case. (13 R. 1181). The money which he purchased the car with consisted mainly of small bills, including ones, fives, tens, and twenties. (13 R. 1182). Furthermore, the name put on the car's title was fictitious. (13 R. 1183-1186). Although the government did not show that the money came from drug trafficking, it did present evidence as to Cobb's dealings in narcotics. It also introduced evidence that all of these practices are common methods of

operation for drug dealers. (10 R. 52-54). From this, a reasonable juror could conclude that the car was bought with proceeds from drug sales and the car was paid for in cash to conceal the source of those funds.

Levi was also convicted of laundering money by purchasing a 1964 Chevrolet pick-up truck with proceeds from drug sales. He also purchased this truck with bills of small denominations, tens and twenties. (11 R. 378-379). Levi contends that Hicks was the only witness who presented evidence that Levi had bought the Chevy pick-up, and that all other evidence indicated that the car was actually purchased by Hicks. (11 R. 377-379). Nevertheless, it is the jury's job to assess the credibility of the witnesses. *United States v. Polk,* 56 F.3d 613, 620 (5th Cir. 1995). Moreover, the truck was found in Levi's garage during a search of his residence. We find that a reasonable juror could find that Hicks' testimony and the location of the truck were sufficient evidence to determine that the truck belonged to Levi. Similarly, the same jurors could find that this purchase came from drug proceeds and it was paid for in cash in order to conceal the source of those funds.

B. Procedure and Evidence

1. Misher - Combining drug conspiracy count with money laundering count

Misher, who was only indicted under count one, conspiracy to distribute cocaine, contends that he was prejudiced by the district court's failure to sever the drug conspiracy count from the two

8

money laundering counts. Because Misher did not move for severance or object at trial to the joinder of the defendants, this court must apply the plain error standard. *United States v. Carreon*, 11 F.3d 1225, 1240 (5th Cir. 1994). Under plain error review, the petitioner must show that: (1) error occurred; (2) the error was clear or obvious; and (3) the error affected the petitioner's substantial rights. *United States v. Upton*, 91 F.3d 677, 686 (5th Cir. 1996); *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc)(citing *United States v. Olano*, 507 U.S. 725, 730-37 (1993)), *cert. denied*, 115 S.Ct. 1266 (1995). We have noted that the Supreme Court has added what amounts to be a fourth factor: a reviewing court "need not exercise its discretion to correct the error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Upton*, 91 F.3d at 686; *Jobe*, 77 F.3d at 1476.

Misher claims that because much of the evidence introduced would not have been admissible against him in a separate trial, he has been deprived of a fair trial. Nevertheless, the district court gave proper jury instructions, clearly noting that each count was to be considered separately, that the case of each defendant should be considered individually, and that the verdict of one defendant does not affect the guilt of the others. (16 R. 1934). In conspiracy cases, the general rule is that persons indicted together should be tried together. A defendant can only obtain a reversal for failure to sever if he can demonstrate "compelling prejudice against which the trial court was unable to afford

9

protection." *United States v. Fields*, 72 F.3d 1200, 1215 (5th Cir.)(quoting *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir.), *cert. denied*, 510 U.S. 898(1993)), *cert. denied*, ___ S.Ct. ___, 1996 WL 183444 (1996). Here, the cautionary instructions were sufficient to protect the appellant from prejudice.

Misher also notes that while the verdict form did have a separate guilty or not guilty answer blank for each of the substantive counts, it did not contain a separate answer blank concerning whether the conspiracy charge was proved. (2 R. 330). While a separate blank for the conspiracy charge may have been of some value, it is not mandated. *United States v. Sherrod*, 964 F.2d 1501, 1514 & n.30 (5th Cir. 1992)(noting that a verdict form that had an answer blank as to whether the conspiracy charged was proved beyond a reasonable doubt to have existed helped to clarify jury's role), *cert. denied*, 507 U.S. 975 (1993). Therefore, the district court did not commit plain error by joining the drug conspiracy count with the money laundering count.

2. Cobb and Heslip - refusal to introduce affidavit and permit cross-examination

During the trial, defense counsel for Cobb attempted to introduce an affidavit that was submitted in support of the search warrants used in this case. The lower court sustained the prosecution's objection to the relevancy of the affidavit.

Heslip's attorney attempted to cross-examine the affiant, Detective Moore, about statements made in the affidavit. The court

10

sustained the prosecution's objection to the relevancy of the testimony. Heslip's defense counsel wished to introduce evidence that Moore listed the persons he believed to be part of the conspiracy in the affidavit, but failed to include Heslip.

Cobb and Heslip contend that the affidavit should have been admitted as a prior inconsistent statement, under Federal Rule of Evidence 613(b). The government contends that the district court did not abuse its discretion, because Moore's opinion regarding the member of the conspiracy, as evidenced in the search warrant, has little relevance to his opinion regarding the members of the conspiracy at the trial that occurred one and one-half years after the affidavit was prepared.

As contemporaneous objections were made to these rulings, we will reverse only if the district court abused its discretion. *United States v. Martinez*, 962 F.2d 1161, 1164 (5th Cir. 1992). The district court acted within its discretion in concluding that Moore's testimony was consistent with his affidavit, and, therefore, the affidavit would not serve to impeach his testimony. Moore had one and one-half years to change his opinion regarding the scope of the conspiracy. There is no evidence that anything contained in the affidavit directly contradicted Moore's testimony. Therefore, the district court's ruling is not grounds for reversal.

3. Cobb and Levi - Admission of testimony regarding prior bad acts

The trial court allowed Eric Anzaldua to testify that he had sold significant quantities of marijuana to Cobb and Levi. Defense

counsel failed to object to the testimony. Therefore, the district court's ruling is only reviewed for plain error.

We apply a two-pronged test to determine the admissibility of evidence under Fed. R. Evid. 404(b). First, the evidence must be relevant to an issue other than the defendant's character. Second, the evidence must have probative value that is not substantially outweighed by undue prejudice. *See United States v. Beechum*, 582 F.2d 898, 911 (1978)(en banc), *cert. denied*, 440 U.S. 920 (1979).

Evidence of other crimes is admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). A defendant places his intent in issue when he has pled not guilty in a drug conspiracy case and, therefore, evidence of past drug transactions can be used to establish criminal intent. *United States v. Wilwright*, 56 F.3d 586, 589 (5th Cir.)(noting that "it is settled in this Circuit that Rule 404(b) permits the admission of other crime evidence when a defendant places his intent at issue in a drug conspiracy case by pleading not guilty"), *cert. denied*, 116 S.Ct. 345 (1995).

Step two of the test requires that the testimony not be unduly prejudicial. We have held that under the Rules of Evidence, there is a strong presumption that probative evidence should be admitted. *United States v. Leahy*, 82 F.3d 624, 637 (5th Cir. 1996)(noting that "while some danger of prejudice is always present, exclusion of extrinsic evidence based on its prejudicial effect 'should occur only sparingly.'") (quoting *United States v. Pace*, 10 F.3d 1106,

12

1115 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 2180 (1994)).  Given that the district court's ruling is only reviewed for plain error, the appellants face a difficult burden.  We have held that admission of similar evidence was not erroneous, even under the abuse of discretion standard. *Wilwright*, 56 F.3d 586 (holding that evidence of defendant's participation in prior drug sales was not unduly prejudicial); *United States v. Bermea*, 30 F.3d 1539, 1562 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 1113 (1995)(noting that the Fifth Circuit has "frequently held in drug offense cases that evidence of a defendant's extrinsic drug offenses is admissible"). Therefore, admission of the evidence was not reversible error.

C.  Sentences

1.  Standard of review

We review the district court's application of sentencing guidelines de novo, and review the district court's factual findings for clear error, giving deference to the district court's application of the guidelines to the facts. *United States v. West*, 58 F.3d 133, 137 (5th Cir. 1995).

2.  Cobb

Cobb's main argument centers around the allegation that the district court erred in its calculation of the amount of crack cocaine to be used in determining Cobb's sentence because it miscounted the quantity of drugs involved in various drug transactions.

13

The presentencing report attributed 1.325 kilograms of crack cocaine to Cobb. 510.3 grams of this total weight were included based on testimony given by Kenneth Cross. Cross testified that he had sold Cobb 18 ounces of powder cocaine and that Cobb converted one or two ounces of the powder cocaine to crack cocaine in an effort to test and see if the powder cocaine produced a sufficient amount of crack cocaine when converted. (12 R. 796-797). While there is evidence from which the court could conclude that Cobb eventually converted all of the powder to crack cocaine, there is no evidence that the conversion would produce eighteen ounces of crack. However, even if Cobb's contentions are correct and the 510.3 grams of crack were eliminated from the quantity which the district court calculated his sentence, his offense level would be unchanged. Thus, although the error was clear, it was harmless.

3. Misher, Levi, Heslip, and Cobb

All of the appellants challenge the calculation of their sentences for various reasons. However, after reviewing the record in accordance with the standard of review, the sentencing guidelines, each party's briefs and arguments, we find that all the sentences should stand. The only argument which merited discussion was the above argument posed by Cobb.

## III. Conclusion

Based on the foregoing, we AFFIRM the convictions and sentences of all Appellants.

14

AFFIRMED.