UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50872
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

JOSE MISAEL MEDINA,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
_____
July 22, 1997


Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:

Appellant Jose Misael Medina was convicted of obstructing interstate commerce and conspiring to do so, in violation of the Hobbs Act. 18 U.S.C. § 1951. The charges arose from the hijacking and robbery of a delivery truck loaded with computer components. Appellant appeals his conviction and sentence. We affirm.

Medina appeals the district court's denial of his motion for a new trial. A new trial motion filed more than seven days after the jury's verdict, as Medina's was, must be "based on the ground of newly discovered evidence." FED. R. CRIM. P. 33. Medina

proffered "newly discovered evidence" that his trial counsel had been constitutionally ineffective under the test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district court rejected this claim on the merits, finding that Medina was not prejudiced by defense counsel's alleged errors. Medina claims that this was an abuse of discretion. *See United States v. Freeman*, 77 F.3d 812, 815 (5th Cir. 1996) (abuse of discretion standard) (citation omitted). The government claims that the district court applied *Strickland* correctly. Alternatively, the government contends that under Fifth Circuit case law, a new trial motion cannot be based on "newly discovered evidence" of trial counsel's ineffectiveness.

We agree with the latter contention and need not consider the former. In this circuit, a Rule 33 motion, filed more than seven days after the verdict and premised on "newly discovered evidence," is an improper vehicle for raising a claim of ineffective assistance of counsel. *United States v. Ugalde*, 861 F.2d 802, 807-09 (5th Cir. 1988)*, cert. denied*, 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989).

Because appellant draws the opposite conclusion from *Ugalde*, it may be helpful to review our opinion in that case. Ugalde filed a motion for a new trial more than seven days after his conviction, proffering two distinct types of "newly discovered evidence" relating to his trial counsel's performance. The first category comprised facts which were known to Ugalde at trial, but whose legal significance he did not appreciate until afterward. Citing

2

the text of Rule 33 and several other circuits' case law, we held:

> Where, as here, the facts alleged in support of a motion for a new trial were within the defendant's knowledge at the time of trial, such a motion may not be treated as one in the nature of newly discovered evidence for purposes of Rule 33.

*Ugalde*, 861 F.2d at 806 (internal citations omitted). *Ugalde* has been cited repeatedly for this proposition. *See United States v. Zuniga-Salinas*, 945 F.2d 1302, 1305 (5th Cir. 1991), *aff'd in part and rev'd in part on other grounds*, 952 F.2d 876 (5th Cir. 1992) (en banc); *United States v. Seago*, 930 F.2d 482, 489 (6th Cir. 1991); *United States v. Lema*, 909 F.2d 561, 565 (1st Cir. 1990); *United States v. Miller*, 869 F.2d 1418, 1421 (10th Cir. 1989).

Medina erroneously assumes that that when the facts underlying an ineffective assistance claim are actually unknown to the defendant at the time of trial, these facts constitute new evidence for purposes of Rule 33. This inference does not follow from our first holding in *Ugalde*. Moreover, it is flatly contradicted by our second holding in *Ugalde*: that even when the defendant learns facts bearing on counsel's ineffectiveness after trial, he cannot raise an ineffective assistance claim by filing a Rule 33 motion based on "newly discovered evidence." *See Ugalde*, 861 F.2d at 807-09. This is by far the majority view of the circuits. *United States v. Stockstill*, 26 F.3d 492, 497 n.9 (4th Cir. 1994) (collecting cases), *cert. denied*, 513 U.S. 941, 115 S.Ct. 345, 130 L.Ed.2d 302 (1994).

In explaining this second holding, the *Ugalde* court emphasized that new trial motions based on newly discovered evidence "are

3

disfavored by the courts" and are granted only if the defendant can pass an "unusually stringent substantive test." *Ugalde*, 861 F.2d at 808 (citations omitted). Such motions are most appropriate when the newly discovered evidence "goes directly to proof of guilt or innocence." *Id.* at 807-08 (citations omitted). Our circuit has recognized exceptions to this general rule. For example, we have allowed Rule 33 motions based on newly discovered evidence of jury tampering or *Brady* violations. *Id.* at 808, 809 (citations omitted). However, we pointedly refused in *Ugalde* to carve out an exception for claims based on newly discovered evidence that trial counsel was ineffective.[1] *Id.* at 809.

Our reasoning in *Ugalde* remains persuasive today. "Criminal procedure seeks results that are fair, final, and speedily obtained." *Id.* at 807. The various procedural devices for securing post-conviction relief are all, to some degree, exceptions to the policy favoring finality. However, in the context of a new trial motion, finality remains a paramount concern unless the defendant can show that an injustice occurred. As explained:

> [T]he primary purpose of the newly discovered evidence rule is to afford relief when, "despite the fair conduct of the trial, . . . facts unknown at the trial" make clear that "substantial justice was not done."

*Id.* at 807 (quoting *United States v. Johnson*, 327 U.S. 106, 112-13,

---

[1]The court in *Ugalde* commented that no hardship would result from its holding, inasmuch as Ugalde would fail the substantive test for Rule 33 claims. We read this as *dicta*, rather than as a holding on the merits that Ugalde had failed to meet his burden under Rule 33. The court had already squarely held that no new trial motion filed more than seven days after the verdict could be based on "newly discovered evidence" of counsel's ineffectiveness.

66 S.Ct. 464, 466-67, 90 L.Ed. 562 (1946) (construing predecessor to Rule 33)).

We emphasize finality in the context of Rule 33 because of our confidence that, whatever facts were unknown at the time of trial, the trial itself was not fundamentally unfair. This is in marked contrast to a federal habeas petition under 28 U.S.C. § 2255, which must be premised on a fundamental breakdown in the procedures designed to assure a fair and reliable outcome in the district court. As the Supreme Court has explained:

> The high standard for newly discovered evidence claims presupposes that all the essential elements of a presumptively accurate and fair proceeding were present in the proceeding whose result is challenged. An ineffective assistance claim asserts the absence of one of the crucial assurances that the result of the proceeding is reliable, so finality concerns are somewhat weaker and the appropriate standard of prejudice should be somewhat lower.

*Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068 (internal citation omitted), *quoted in Ugalde*, 861 F.2d at 809.

Because a crucial element of a fair trial is absent when defense counsel is constitutionally ineffective, the preferred device for raising an ineffective assistance claim is a federal habeas petition.[2] "That mechanism, rather than a new trial, seems best to accommodate the interests in finality and fairness with respect to ineffective assistance of counsel claims." *Ugalde*, 861

---

[2]A habeas petition has the further advantage of allowing the development of a factual record regarding counsel's effectiveness. *See, e.g., United States v. Krout*, 66 F.3d 1420, 1435 ("Only in that rare instance where the details of the attorney's conduct are 'well developed' in the record is such a claim properly considered on direct appeal." (citation omitted), *cert. denied*, ---U.S.---, 116 S.Ct. 963, 133 L.Ed.2d 884 (1996).

5

F.2d at 809.  At any rate, raising an ineffectiveness claim through the mechanism of a new trial motion based on newly discovered evidence is wholly impermissible.  We therefore affirm the district court's denial of Medina's Rule 33 motion.  We do so without prejudice to Medina's right to petition for federal habeas relief.

We also reject Medina's contention that the district court abused its discretion by admitting testimony regarding the victim's identification of Medina based on an array of photographs.  Finally, we reject Medina's contention that the district court clearly erred by refusing to reduce his sentence for his "minimal" or "minor" role in the offense.  The government proved by a preponderance of the evidence that Medina participated in numerous planning sessions, several abortive attempts to carry out the scheme, and the actual hijacking and robbery.

Appellant's conviction and sentence are AFFIRMED.