IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11111
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CORNELIUS JACKSON,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-30-A-1
- - - - - - - - - -
August 31, 1998

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Cornelius Jackson appeals his jury-verdict conviction for two counts of possession with intent to distribute cocaine base and one count of possession with intent to distribute cocaine. Jackson argues that the district court erroneously admitted evidence of extrinsic acts and that it erroneously denied his motion for leave to file a motion for a new trial.

A district court's determination of the relevance and admissibility of evidence is reviewed for abuse of discretion. United States v. Scott, 48 F.3d 1389, 1396 (5th Cir. 1995). The

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except in the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admissibility of extrinsic evidence is governed by FED. R. EVID. 404(b).  We apply a two-pronged test to determine the admissibility of evidence under FED. R. EVID. 404(b).  "First, the evidence must be relevant to an issue other than the defendant's character.  Second, the evidence must have probative value that is not substantially outweighed by undue prejudice."  United States v. Misher, 99 F.3d 664, 670 (5th Cir. 1996), citing United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc), cert. denied, 118 S. Ct. 73 (1997). The extrinsic-act evidence offered in this case involved Jackson's possession of a large sum of money while traveling through the Dallas/Fort Worth Airport. The district court did not abuse its discretion in admitting this evidence to show intent.  See Scott, 48 F.3d at 1396.  Further, any potential undue prejudice was eliminated by the court's instructions.  See United States v. Bailey, 111 F.3d 1229, 1234 (5th Cir.), cert. denied, 118 S. Ct. 327 (1997).

The district court did not abuse its discretion in denying Jackson's motion for leave to file a motion for a new trial. Jackson's motion was filed more than seven days after the jury's verdict and was based on the ineffective assistance of counsel allegedly caused by a conflict of interest. "[R]aising an ineffectiveness claim through the mechanism of a new trial motion based on newly discovered evidence is wholly impermissible." United States v. Medina, 118 F.3d 371, 373 (5th Cir. 1997).  See FED. R. CRIM. P. 33.

The judgment of the district court is AFFIRMED.