IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-31136
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIBIBI NAYO DAVISON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CR-0070-B-ALL
- - - - - - - - - -

July 7, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kibibi Nayo Davison appeals her jury conviction for conspiracy to interfere with commerce by robbery and solicitation of robbery in violation of 18 U.S.C. §§ 373, 1951. Her unopposed motion to supplement the record is GRANTED.

Davison contends that the district court erred in admitting evidence of her alleged involvement in a drug conspiracy and another planned robbery as other acts evidence under Rule 404(b) of the Federal Rules of Evidence. Because the evidence of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Davison's $6000 loan to Terrance Williams and her involvement with another planned robbery which was not charged was relevant to her motive and intent in the charged conspiracy to commit robbery and solicitation of robbery, the district court did not abuse its discretion in admitting the other acts evidence. See United States v. Misher, 99 F.3d 664, 670 (5th Cir. 1996); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978)(en banc).

Davison argues that the district court clearly erred in increasing her offense level by two points for obstruction of justice under § 3C1.1 of the U.S. Sentencing Guidelines based on her alleged perjury at trial. The district court made sufficient findings that Davison committed perjury when she testified that she loaned $6000 to Williams for various personal reasons, based on the testimony of Aqui Simpson and Nicole Pope presented by the Government that Davison loaned $6000 to Williams to purchase heroin and "flip" or double the money for her. Therefore, the district court did not clearly err in increasing her offense level by two points for obstruction of justice based on Davison's perjury. See United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994).

Davison contends that the district court clearly erred in increasing her offense level by two points under § 2B3.1(b)(4) of the Guidelines based on its finding that she and her coconspirators intended to use physical restraint of the robbery victim. Because the Government presented a recorded telephone conversation between Williams and Simpson in which they specifically discussed using physical restraint against the

robbery victim, the district court did not clearly err in holding that a two-level increase was warranted under § 2B3.1(b)(4) because she and her coconspirators specifically intended to use physical restraint against the robbery victim.  See U.S.S.G. § 2B3.1(b)(4).

MOTION GRANTED; JUDGMENT AFFIRMED.