# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 98-30925
_____

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

versus

MANUEL DAVID HERNANDEZ, a/k/a EMANUEL
DAVID, a/k/a DAVID MANUEL, a/k/a CHINO,

       Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
(97-CR-60039)

January 10, 2000

Before JOLLY, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM[*]:

Manuel Hernandez ("Hernandez") was convicted by a jury of three counts of bank robbery under 18 U.S.C. § 2113 (a) and (d), three counts of using a firearm during a crime of violence, under 18 U.S.C. § 924(c), and three counts of being a felon in possession of a firearm, under 18 U.S.C. § 922(g)(1), all arising out of three bank robberies committed between April and August of 1997 in Louisiana. Hernandez claims that the district court erred in 1) denying Hernandez' motion to suppress three incriminating statements as involuntary and 2) admitting under FRE 404(b) evidence of a fourth, uncharged bank robbery. We affirm.

The magistrate judge conducted an evidentiary hearing on Hernandez' motion to suppress. Hernandez testified that each of the three incriminating statements, as well as the several written

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Miranda* waivers he signed during his time in custody, were coerced by various police officers. The coercive tactics alleged by Hernandez included physical abuse, threats of immediate physical violence, threats against Hernandez' family, and deceit as to what Hernandez was signing. Hernandez' testimony was directly contradicted by the testimony of six officers, who consistently denied using any coercive tactics and testified that all of Hernandez' waivers and statements were made voluntarily, of his own free will.

The magistrate found that the officers were all "fully credible", while Hernandez lacked credibility. This credibility determination led the magistrate to the legal conclusion that Hernandez' waivers and statements were all voluntary, precluding suppression. *See Carter v. Johnson*, 110 F.3d 1098, 1109 (5th Cir. 1998) ("Coercive police conduct is a necessary prerequisite to the conclusion that a confession was involuntary.") (cited in magistrate's report). Both the magistrate's credibility determination and the resulting legal conclusion were adopted by the district court.

Hernandez challenges the district court's denial of his motion to suppress by claiming that the magistrate's credibility determinations were clearly erroneous. *See United States v. Mullin*, 178 F.3d 334, 341 (5th Cir. 1999) ("In ruling on a motion to suppress a confession, we give credence to the credibility choices and fact finding of the district court unless they are clearly erroneous."); *United States v. Posada-Rios*, 158 F.3d 832, 866 (5th Cir. 1998) (same). After carefully reviewing the record, we find that Hernandez has failed to show that the magistrate's credibility findings were clearly erroneous. We therefore must accept those findings in reviewing the voluntariness of Hernandez' waivers and confessions. In light of the magistrate's findings, we affirm the conclusion that Hernandez' statements were voluntary, and thus affirm the denial of his motion to suppress.

Hernandez claims that evidence of a fourth, uncharged robbery)) of the Central Progressive Bank in Denham Springs, La. (the "CPB robbery")) ) was improperly admitted under FRE 404(b). After an evidentiary hearing, the district court conducted the required *Beechum* test, *see United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978), on the record and found that 1) the extrinsic evidence was relevant to an issue other than character–specifically, to both modus operandi and

identity; and 2) the evidence's probative value was not substantially outweighed by its undue prejudice. *See id.*; Fed. R. Evid. 404(b); *United States v. Misher*, 99 F.3d 664, 670 (5th Cir. 1996) (noting that the Fifth Circuit has established the *Beechum* test to evaluate admissibility of extrinsic evidence under Rule 404(b)).

Hernandez claims that the district court erred with regard to each prong of the *Beechum* test. He argues that 1) the evidence of the CPB robbery was irrelevant because there was no showing that Hernandez committed the robbery; and 2) the evidence was not admissible under Rule 403, because its probative value was substantially outweighed by the risk of unfair prejudice, undue delay, and needless presentation of cumulative evidence, *see* Fed. R. Evid. 403 (relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, undue delay, waste of time, or needless presentation of cumulative evidence); *United States v. Anderson*, 933 F.2d 1261, 1269 (5th Cir. 1991) (noting that extrinsic evidence must satisfy Rule 403 to be admitted under Rule 404(b)). We review the district court's application of Rule 404(b) for abuse of discretion. *See United States v. Gonzalez*, 76 F.3d 1339, 1348 (5th Cir. 1996).

We reject both of Hernandez' arguments. First, similar act evidence is only relevant if there is enough evidence in the record as a whole that a reasonable jury could conclude, by a preponderance of the evidence, that the defendant committed the uncharged act. *See Huddleston v. United States*, 485 U.S. 681, 689 (1988); *United States v. Anderson*, 933 F.2d 1261, 1269 (5th Cir. 1991). The evidence that Hernandez committed the CPB robbery is clearly sufficient to satisfy this standard. Hernandez' challenge to the relevance of the CPB robbery evidence is therefore without merit. Second, as there was unique evidence probative of identity associated with the CPB robbery, the district court did not abuse its discretion in finding that the extrinsic evidence's probative value was not "substantially outweighed" by the competing considerations listed in Rule 403. In sum, we find no abuse of discretion in the district court's decision to admit the Rule 404(b) evidence.

AFFIRMED.