IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40737
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN DELACRUZ FLORES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-99-CR-49-1
- - - - - - - - - -
April 13, 2000

Before WIENER, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Juan Delacruz Flores appeals his conviction and sentence following a guilty plea for possession with intent to distribute approximately 22 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(D) and 18 U.S.C. § 2.  Flores argues that his attorney rendered ineffective assistance because he failed to file a pretrial motion to suppress evidence obtained pursuant to a search warrant.  Flores alleges instances of illegal police activity: (1) the agents made a number of questionable traffic stops; (2) the agents conducted surveillance of Flores' residence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which amounted to the protracted viewing of the rear of his residence from a neighbor's back yard; (3) agents spoke to Flores' girlfriend inside his residence; (4) Flores' girlfriend volunteered incriminating statements during this interview; and (5) the agents conducted a security sweep of the residence during which they looked under a mostly closed garage door and used their flashlights to observe a large television with a fan blowing on it and noticed the odor of spray paint in the garage as well as the odor of marijuana from a trash can in the driveway of Flores' residence.  Flores contends that the information obtained by this illegal police activity tainted the search warrant.

The record is not adequately developed to allow this court to fairly evaluate the merits of Flores' ineffective assistance of counsel claim on direct appeal.  *See United States v. Brewster*, 137 F.3d 853, 859 (5th Cir.), *cert. denied*, 119 S. Ct. 247 (1998).  An ineffective assistance of counsel claim ordinarily is pursued in a 28 U.S.C. § 2255 motion.  *See United States v. Medina*, 118 F.3d 371, 373 & n.2 (5th Cir. 1997).  Accordingly, the district court's judgment is AFFIRMED without prejudice to Flores' ineffective assistance claim.