IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50475
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LYDIA KENNEDY RITA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 97-CR-160-3-SS
--------------------
October 5, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Lydia Kennedy Rita appeals her sentence following her guilty-plea conviction for conspiracy to commit wire fraud and aiding and abetting. Rita argues that the district court's assessment of a two-level adjustment for obstruction of justice was not supported by the record. She contends that the obstruction of justice adjustment was a *de facto* upward departure from the Sentencing Guidelines. Rita also argues that her Sixth Amendment and Fifth Amendment due process rights were violated

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the district court failed to hold hearings on Rita's postconviction motions based on ineffective-assistance-of-counsel.

As part of her written plea agreement with the Government, Rita agreed to waive her right to appeal her sentence. Rita reserved the rights to appeal any upward departure by the district court from its guideline calculation or to raise claims of ineffective-assistance-of-counsel or prosecutorial misconduct. At her rearraignment hearing, the district court personally addressed Rita and admonished her regarding her waiver of appeal; Rita stated that she understood the waiver. Thus, the record shows that Rita knowingly and voluntarily waived her right to appeal her sentence. See United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999). Rita's argument that the obstruction of justice adjustment was a *de facto* upward departure is foreclosed by this court's opinion in United States v. Gaitan, 171 F.3d 222, 224 (5th Cir. 1999).

Rita's argument concerning the district court's failure to hold hearings on her postconviction motions is also without merit. Rita did not request hearings on her motions, and she does not argue on appeal that her guilty plea was involuntarily made or that she received ineffective-assistance-of-counsel in that regard. If Rita wishes to pursue her ineffective-assistance claim, she should do so in collateral proceedings. See United States v. Medina, 118 F.3d 371, 373 (5th Cir. 1997).

APPEAL DISMISSED.