IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50576
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NICKOLAS ANTONIOUS MELLS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CR-127-1
- - - - - - - - - -
February 14, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Nickolas Antonious Mells, federal prisoner # 82279-080, appeals the district court's denial of his March 14, 2000, motion for a new trial pursuant to Fed. R. Crim. P. 33. Mells argues that he is entitled to a new trial based on the Government's (1) nondisclosure of Agent Mike Lamberth's interview notes; (2) nondisclosure of a cooperation agreement valued at $227,504; and (3) nondisclosure of Agent Lamberth's grand jury testimony.

In his Rule 33 motion, Mells raised only the issue whether he is entitled to a new trial based on the Government's failure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to provide Agent Lamberth's interview notes as part of discovery. Mells' contention is not based on newly discovered evidence; therefore, to be timely, he would have had to file his Rule 33 motion within seven days of the guilty verdict. *See United States v. Medina*, 118 F.3d 371, 372 (5th Cir. 1997); *United States v. Uglade*, 861 F.2d 802, 806 (5th Cir. 1988). Mells was found guilty on June 26, 1998. He did not file his Rule 33 motion until March 14, 2000. Consequently, Mells' motion was untimely, and the district court lacked jurisdiction to rule on it. *See United States v. Brown*, 587 F.2d 187, 189 (5th Cir. 1979).

The remaining two issues raised on appeal were not included in Mells' March 14, 2000, motion; therefore, this court will not consider them. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341-42 (5th Cir. 1999)(explaining that this court will not allow a party to raise an issue for the first time on appeal merely because it might prevail on a different theory), *cert. denied*, 120 S. Ct. 982 (2000).

The district court's denial of Mells' Rule 33 motion is AFFIRMED. *See Bickford v. Int'l Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. 1981)(this court may affirm on grounds different from those employed by the district court). Mells' motion to supplement the record is DENIED.