IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50399
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RUSSELL WADE PARRISH, also known as Russell
Wade Parish,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CR-132-ALL
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Russell Wade Parrish appeals his jury conviction for
attempted escape from custody in violation of 18 U.S.C. § 751(a).
He argues that the district court abused its discretion in
admitting evidence of his illegal drug activities and drug usage.
The evidence that Parrish smuggled drugs into the jail was
relevant because this extrinsic offense required the same intent
as the charge that Parrish attempted to escape by smuggling wire

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

cutters into the jail and making a rope out of torn sheets. See United States v. Misher, 99 F.3d 664, 670 (5th Cir. 1996). The evidence of the extrinsic acts was more probative than prejudicial and any prejudicial effect was minimized by the district court's limiting instruction that Parrish was not on trial for any "act, conduct, or offense" not alleged in the indictment. See United States v. Taylor, 210 F.3d 311, 318 (5th Cir. 2000). Further, any error was harmless in view of the overwhelming evidence the Parrish planned to escape and took several steps in furtherance of that plan, including smuggling wire cutters into the jail, measuring the recreation wall, and making a rope out of torn sheets. See United States v. Gadison, 8 F.3d 186, 192 (5th Cir. 1993).

AFFIRMED.