United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 13, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50529
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER COLLIER,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
(MO-01-CR-95-1)
---------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Christopher Collier appeals his conviction and sentence for conspiracy to possess with intent to distribute more than 50 grams of methamphetamine and with possession of methamphetamine. Collier argues that the district court erred when it overruled his objection to testimony by one of his co-defendants about his relationship with Collier prior to the dates alleged in the indictment. Collier suggests that his stipulation to a prior state conviction for trafficking in methamphetamine sufficiently

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

established intent for the instant offense and that the jury may have convicted him for the extrinsic conduct, not that alleged in the indictment.  Id.

Taylor's testimony was admissible under FED. R. EVID. 403 because its probative value was not substantially outweighed by any unfair prejudice, and the testimony otherwise satisfied the requirements of FED. R. EVID. 404(b).  United States v. Misher, 99 F.3d 664, 670 (5th Cir. 1996)(citing United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978)(en banc)).  Any possibility that Taylor's testimony might have unduly prejudiced the jury was sufficiently offset by the court's instructions to the jury. United States v. Honer, 225 F.3d 549, 555-56 (5th Cir. 2000). AFFIRMED.