# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 11, 2011

Lyle W. Cayce
Clerk

No. 11-10418
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAMES R. HAMILTON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-370-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James R. Hamilton appeals the district court's denial of his motion for a new trial based upon newly discovered evidence and the alleged ineffective assistance of his trial counsel as untimely. Hamilton was convicted after a jury trial of theft of mail matter by an officer or employee in violation of 18 U.S.C. § 1709. Specifically, he was convicted of stealing an insured letter containing a Wal-Mart gift card while he was a postal employee.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10418

On appeal, Hamilton asserts that his motion was timely filed because it was filed within three years of the guilty verdict and it was based upon newly discovered evidence, namely the usual time delays for delivery of an insured letter by the post office and the correct store location for where the gift card was purchased. He additionally argues that the evidence offered at trial varied from that alleged in the indictment; that the Government violated his due process rights because it failed to disclose or suppressed favorable evidence and knowingly used false testimony; and that the district court erred in labeling the jury charge as a "civil action" and in instructing the jurors as to the law and to the factual issues confronting them. He argues that he should be able to raise the latter arguments now because they "could not be brought in his previous appeal . . . by his hired counsel for appeal."

A new trial may be granted by the trial court in the interest of justice. FED. R. CRIM. P. 33(a). If the motion is based upon newly discovered evidence, it must be filed within three years of the verdict or finding of guilt. RULE 33(b)(1). Otherwise, it must be filed within 14 days after the verdict or finding of guilt. RULE 33(b)(2). To receive a new trial based on newly discovered evidence, the defendant must show, among other things, that the failure to discover the evidence previously was not due to a lack of due diligence and that the evidence, if introduced at a new trial, would probably produce an acquittal. *United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011). We review a district court's denial of a motion for new trial for an abuse of discretion. *United States v. O'Keefe*, 128 F.3d 885, 893 (5th Cir. 1997).

Hamilton was aware, via his indictment, of the origin of the letter containing the gift card and the location of its intended recipient. Accordingly, if he wanted to conduct trial mailings to determine normal delivery times, he could have done so prior to trial. In addition, the store number for the Wal-Mart where the gift card was purchased (#1129) was referenced in the Government's amended exhibit list that was filed before trial. Thus, Hamilton could have

2

determined the store location prior to trial. In any event, Hamilton admitted he used the gift card, and there was evidence that the gift card was used on February 17, 2007, that the only day in February that he had worked at the post office was the 17th, and that a mail carrier testified that he returned the undelivered gift card to Hamilton at the post office in February. Thus, Hamilton has not shown that, based upon his trial runs of post office delivery times and the correct store location for where the gift card was purchased, the jury probably would have acquitted him. *See Piazza*, 647 F.3d at 565.

The district court did not abuse its discretion in not allowing the ineffective assistance of counsel claims via a Rule 33 motion. *See United States v. Medina*, 118 F.3d 371, 372 (5th Cir. 1997). To the extent Hamilton is raising substantive claims of a variance between the indictment and proof, and of improper jury instructions, those claims are raised for the first time on appeal as they are conceptually distinct from the claims raised in the district court that counsel rendered ineffective assistance in relation to those claims. *See United States v. Mullins*, 315 F.3d 449, 452-54 & n.5 (5th Cir. 2002). Accordingly, we need not consider those substantive claims. *See Piazza*, 647 F.3d at 565. In addition, because Hamilton did not raise his claims of prosecutorial misconduct and that the jury charge was erroneously labeled a "civil action" in his motion for new trial, those claims need not be considered. *See id.* We nevertheless note that none of these claims rely on newly discovered evidence.

To the extent that it relied on newly discovered evidence, the motion did not set forth evidence that could not have been discovered before trial with due diligence or that would, if introduced, probably have produced his acquittal. Hamilton's remaining claims did not rely on newly discovered evidence. Thus, the district court properly denied Hamilton's motion, which was filed more than 14 days after the jury's verdict. *See* RULE 33(b)(2); *Piazza*, 647 F.3d at 565.

AFFIRMED.