# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 29, 2013

No. 12-20284
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL D. GOODSON, also known as Mike Goodson,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-98-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael D. Goodson, federal prisoner # 02492-088, was convicted in 2007 of conspiracy to commit mail and wire fraud, three counts of mail fraud, and five counts of wire fraud, and he is serving a 293-month sentence. He now appeals the district court's denial of his motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. We review the denial of his motion for abuse of discretion. *See United States v. Turner*, 674 F.3d 420, 429 (5th Cir.), *cert. denied,* 133 S. Ct. 302 (2012).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20284

A district court judge opined in an attorney admissions proceeding in 2011 that Goodson's paid trial counsel had been unfairly prevented from practicing before the district court in 2007. Goodson contends that this 2011 decision constitutes newly discovered evidence warranting a new trial.

To form the basis for a new trial, newly discovered evidence must be, among other things, material to the guilt or innocence of the defendant except when the newly discovered evidence is evidence of jury tampering or a *Brady*[1] violation. *United States v. Medina*, 118 F.3d 371, 373 (5th Cir. 1997). The judge's recommendation in an admissions proceeding is not material to Goodson's guilt or innocence, nor is it evidence of jury tampering or a *Brady* violation. Consequently, the district court did not abuse its discretion when it denied Goodson's Rule 33 motion for a new trial.

AFFIRMED.

---

[1] *Brady v. Maryland*, 373 U.S. 83, 86-87 (1963).