# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40874
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODOLFO CASARES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-653-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

A jury convicted Rodolfo Casares of conspiracy to possess with intent to distribute more than one kilogram of heroin, more than 500 grams of methamphetamine, and more than five kilograms of cocaine; possession with intent to distribute 1.96 kilograms of methamphetamine; and possession with intent to distribute 2.98 kilograms of cocaine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40874

On appeal, Casares argues that witness testimony that Casares bought weapons and cars and paid people on behalf of the Zetas drug cartel was extrinsic evidence, inadmissible under Federal Rule of Evidence 404(b). Casares also argues that the district court erred in admitting cross-examination testimony that the Zetas cartel had supplied the vehicle used in the subject drug conspiracy.  He contends that the evidence was unduly prejudicial under Federal Rule of Evidence 403.

Because his objection in the district court was based on Rule 403, Casares's Rule 404(b) challenge to the witness testimony is subject to plain error review only.  *See United States v. Ceballos*, 789 F.3d 607, 617 (5th Cir. 2015).  "To establish plain error, [Casares] has the burden of proving (1) an error (2) that was 'clear or obvious, rather than subject to reasonable dispute' and (3) that affected [his] 'substantial rights.'"  *See id.* (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).  If he makes this showing, then the court may correct the error but only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *See id.*

Casares has not made the required showing.  Even if this court were to determine that the testimony about the Zetas cartel was extrinsic to the charged offenses, Casares cannot show plain error.  Pursuant to *United States v. Beechum*, this court uses a two-pronged test to determine if Rule 404(b) testimony was erroneously admitted.  582 F.2d 898, 911 (5th Cir. 1978) (en banc).  The court first asks whether the evidence is "relevant to an issue other than the defendant's character," such as intent, knowledge, plan, pattern of conduct, or motive.  *Id.*; *see* Fed. R. Evid. 404(b)(2).  If it is, the court next examines whether the evidence possesses "probative value that is not substantially outweighed by its undue prejudice."  *Beechum*, 582 F.2d at 911.

No. 15-40874

Here, the testimony was relevant because it demonstrated that he possessed the requisite knowledge and intent to participate in the drug conspiracy. *See United States v. Misher*, 99 F.3d 664, 670 (5th Cir. 1996). Moreover, the strength of the other evidence speaking to Casares's unlawful intent reduces the potential prejudice of the Zetas reference. *See United States v. Chavez*, 119 F.3d 342, 346 (5th Cir. 1997). Consequently, Casares cannot show plain error regarding the admission of the complained-of testimony. *See Beechum*, 582 F.2d at 911; *Puckett*, 556 U.S. at 135. Relatedly, Casares also cannot show plain error as to whether the district court should have sua sponte issued a limiting instruction, as he cites to no law showing clear or obvious error in that regard. *See Puckett*, 556 U.S. at 135.

Casares's Rule 403 claim is similarly unavailing. "In reviewing Rule 403 findings, [this court] give[s] 'great deference to the [trial] court's informed judgment and will reverse only after a clear showing of prejudicial abuse of discretion.'" *United States v. Peden*, 961 F.2d 517, 521 (5th Cir. 1992) (quoting *United States v. Rocha*, 916 F.2d 219, 241 (5th Cir. 1990)). As the Government correctly notes, defense counsel's own question invited the error that Casares now challenges on appeal. "The doctrine of invited error applies to this situation; when injection of inadmissible evidence is attributable to the actions of the defense, the defense cannot later object to such 'invited error.'" *United States v. Delgado*, 672 F.3d 320, 339 (5th Cir. 2012) (en banc). In addition, even assuming the district court abused its discretion, any error was harmless. *United States v. Clark*, 577 F.3d 273, 287 (5th Cir. 2009) ("Reversible error occurs only when the admission of evidence substantially affects the rights of a party" (quoting *United States v. Crawley*, 533 F.3d 349, 353 (5th Cir. 2008))). Given the overwhelming circumstantial evidence presented at trial, any error

No. 15-40874

in the admission of the complained-of testimony did not substantially affect the verdict. *See id.*

AFFIRMED.