**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raymond UGALDE,**
**Defendant–Appellant.**

Nos. 87–5502, 88–5514.

United States Court of Appeals,
Fifth Circuit.

Nov. 29, 1988.

Rehearing and Rehearing En Banc
Denied Jan. 3, 1989.

Dick DeGuerin, DeGuerin & Dickson, Houston, Tex., for defendant-appellant.

Paula Offenhauser, Asst. U.S. Atty., Houston, Tex., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before THORNBERRY, RUBIN and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

A jury found Raymond Ugalde guilty of five counts of conspiracy and of substantive violations of the currency transaction reporting laws. Sentenced to five concurrent three year sentences and a $3,000 fine, Ugalde filed a timely notice of appeal. Ugalde later moved for a new trial. The district court denied that motion on the ground that it was untimely. On appeal, Ugalde contends that his original convictions should be vacated on the ground that he was denied effective assistance of counsel. He also contends that his motion for new trial was timely because based on newly discovered evidence that his counsel was

ineffective. We affirm the conviction and the denial of a new trial.

## I

Ugalde's first appeal was from the judgment of conviction, filed on November 6, 1986. While that appeal was pending, Ugalde moved in district court for a new trial. He argued that his motion rested on newly discovered evidence that he was denied effective assistance of counsel at trial. In accordance with *United States v. Fuentes–Lozano*, 580 F.2d 724, 725–26 (5th Cir.1978), Ugalde simultaneously filed with this court a motion to remand his case to the district court to allow that court to entertain his motion for new trial. We granted Ugalde's motion to remand and dismissed his appeal without prejudice.

On November 19, 1987, the district court denied Ugalde's motion for new trial, concluding that because it was filed some eight months after the verdict it was untimely. The court noted that, under Fed.R. Crim.P. 33, motions for new trial must be filed within seven days after a guilty verdict unless the motion is based upon newly discovered evidence. The district court found that Ugalde had not offered any evidence that was newly discovered within the meaning of Rule 33.

Ugalde then moved for reconsideration of the denial of his motion for new trial. The district court denied the motion. Ugalde later filed a second notice of appeal from the district court's post-trial ruling. We granted Ugalde's motion to reinstate the appeal from his convictions, consolidating it with his appeal from the denial of his motion for new trial.

Ugalde seeks reversal of his conviction on the ground that he was denied effective assistance of counsel at trial. He also urges us to reverse the district court's order denying his motion for new trial as untimely filed. Ugalde contends that the district court erred by (1) failing to comply with this court's prior directive remanding his case to the district court; and by (2) concluding that his motion for a new trial did not rest upon newly discovered evidence.

## II

### A. DIRECT APPEAL FROM CONVICTION

It is settled in this circuit that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court, since the district court has had no opportunity to develop the record as to the merits of the allegations. We decide such issues on direct appeal only in those rare cases where the record is sufficiently complete to enable us to fairly evaluate the merits of the claim. *United States v. Higdon*, 832 F.2d 312, 313–14 (5th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988) (citing cases). That is not the case here.

The facts underlying Ugalde's claim are not part of the trial record submitted to us on direct appeal from his convictions, and we decline to pass upon Ugalde's ineffective-assistance-of-counsel claim. We do so without prejudice to his right to raise the issue in a proper proceeding pursuant to 28 U.S.C. § 2255.

### B. MOTION FOR NEW TRIAL

#### 1. JURISDICTION

We address first a threshold jurisdictional issue. The district court denied Ugalde's motion for new trial on November 19, 1987. The district court denied Ugalde's motion for reconsideration on December 14, 1987. On January 5, 1988, Ugalde moved for an extension of time to appeal the court's refusal to reconsider. The district court denied the requested extension on January 20, 1988.[1] Because Ugalde's request for

---

1. At the time Ugalde asked the district court to reconsider its dismissal of his motion for new trial, he attempted to notice an appeal contingent upon the district court denying his motion for reconsideration. The notice of appeal was returned to him on December 7, 1987, with the explanation that it was not the practice of the district court to hold pleadings on behalf of parties pending the court's ruling on their motions. Ugalde claims that he did not receive

extension was filed more than ten days after the district court denied reconsideration, the appeal is arguably not properly before us because late filed. See Fed.R. App.P. 4(b).

We must therefore decide whether the filing of a second notice of appeal from a motion for new trial is a jurisdictional prerequisite to this court entertaining an appeal of a district court's ruling on a new trial motion.

In *United States v. Burns*, 668 F.2d 855 (5th Cir.1982), we found that a second notice of appeal is not required in order for a defendant to appeal alleged errors in the district court's denial of his new trial motion.[2] We noted that a timely notice of appeal is not jurisdictional but is a "prerequisite to the exercise of jurisdiction." *Id.* 668 F.2d at 858, *citing Sanchez v. Bd. of Regents*, 625 F.2d 521, 522 n. 1 (5th Cir. 1980). We then cited our previous decisions in *United States v. Hersh*, 415 F.2d 835, 837 (5th Cir.1969) and *Richardson v. United States*, 360 F.2d 366, 369 (5th Cir. 1966), for the proposition that the second notice of appeal is literally a "notice" requirement, so that a second notice is not essential when the defendant has clearly communicated his intent to raise on appeal the issues in the motion for new trial, and when the government is not prejudiced thereby. *Burns*, 668 F.2d at 858.

In the instant case the government knew that the principle issue raised by Ugalde in both the direct appeal and the motion for new trial was his ineffective-assistance-of-counsel claim. The government had fully

briefed these issues and is not prejudiced by our considering them. Ugalde's appeal from the district court's post-trial ruling on his motion for new trial is properly before this court.[3]

2. REMAND ORDER

Ugalde's first challenge to the district court's decision denying his motion for new trial is that the district court failed to comply with our directive remanding his case to the district court. Ugalde argues that this court directed the district court to conduct an evidentiary hearing on his claim of ineffective assistance of counsel.

Ugalde's argument miscontrues our prior order. We did not direct the district court to entertain the merits of Ugalde's motion for new trial, but remanded the case to permit the district court to rule on Ugalde's new trial motion. The district court did so.

3. NEWLY DISCOVERED EVIDENCE

Ugalde's principal challenge to the district court's ruling is that the court erred by concluding that Ugalde's motion for new trial was not based upon newly discovered evidence, and was therefore untimely filed.[4]

The issue of whether evidence of ineffective assistance of counsel can be newly discovered evidence within the meaning of Rule 33 is a question of first impression in this circuit. Encompassed within this general question are two more specific issues. First, may "newly discovered evidence" consist of facts about counsel's perform-

---

notice of the court's denial of his motion for reconsideration until December 17, 1987, at which time his attorney was on vacation in Colorado for the Christmas holiday. Ugalde claims that his attorney did not return from his vacation until after the expiration of Fed.R. App.P. 4(b)'s ten-day limitation upon appeals. In denying Ugalde's motion for extension of time, the district court found that Ugalde failed to demonstrate "excusable neglect."

2. After filing a timely notice of appeal from his conviction, the defendant in *Burns* moved for a new trial on the ground of newly discovered evidence. The motion was denied by the district court after a hearing. A second notice of appeal was not filed.

3. We therefore need not address Ugalde's contention that the district court erred in denying his motion for an extension of time.

4. Federal Rule of Criminal Procedure 33 states in relevant part:

A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending, the court may grant the motion only on remand of the case. A motion for new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

ance which the defendant knew, but did not appreciate as legally significant, by the end of the trial? Second, may "newly discovered evidence" consist of facts about counsel's performance which the defendant did not know by the end of the trial?

■ Several circuits have considered the first of these two issues. Most circuits have concluded that facts about counsel's performance which the defendant knew, but did not appreciate as legally significant, are not "newly discovered" within the meaning of Rule 33. *United States v. Ellison,* 557 F.2d 128 (7th Cir.1977), *cert. denied,* 434 U.S. 965, 98 S.Ct. 504, 54 L.Ed.2d 450 (1977); *United States v. Brown,* 742 F.2d 363, 368 (7th Cir.1984); *United States v. Dukes,* 727 F.2d 34, 39 (2d Cir.1984); *United States v. Lara–Hernandez,* 588 F.2d 272, 275 (9th Cir.1978).

■ We agree. Rule 33 on its face requires that the evidence itself, not merely the legal implications of the evidence, be "newly discovered." As the Seventh Circuit observed in its *Ellison* decision,

> We recognize that defendants unhappy with the representation they received at trial, particularly those unable to retain counsel privately as did Ellison, often will be unable to obtain a new attorney in sufficient time to permit them either to file a motion for a new trial within the seven days of verdict required by Rule 33, or else seek an extension of time for the filing of such a post-trial motion as permitted by the Rule. The practical difficulties faced by defendants seeking to raise ineffective-assistance-of-counsel claims by way of motions for a new trial, however, do not give us cause to corrupt the clear language of Rule 33. Newly discovered evidence must be newly discovered evidence. Where, as here, the facts alleged in support of a motion for a new trial were within the defendant's knowledge at the time of trial, such a motion may not be treated as one in the nature of newly discovered evidence for purposes of Rule 33. *United States v. Demopoulos,* 506 F.2d 1171, 1180–81 (7th

Cir.1974), *cert. denied,* 420 U.S. 991, 95 S.Ct. 1427, 43 L.Ed.2d 673 (1975).

*Ellison,* 557 F.2d at 133.

Only the District of Columbia Circuit follows a contrary rule. In *United States v. Brown,* 476 F.2d 933, 935 n. 11 (D.C.Cir. 1973), the court found that "evidence of the ineffectiveness of trial counsel ... brought to the attention of the court for the first time in support of [a motion for a new trial] is 'newly discovered' for ... purposes of Rule 33." *See also, United States v. Thompson,* 475 F.2d 931, 932 & n. 4 (D.C. Cir.1973); *United States v. Smallwood,* 473 F.2d 98, 104 (D.C.Cir.1972) (Bazelon, J., concurring). This line of cases appears to support the view that a defendant may raise a claim of ineffective assistance of counsel in a motion for new trial on grounds that such evidence constitutes newly discovered evidence, even if the facts underlying that claim were known to the defendant at the time of trial.

The District of Columbia rule is apparently based upon an effort by that Circuit to ameliorate the differences between the direct appeal and habeas standards for reviewing ineffective assistance of counsel claims in that Circuit. *See Ellison,* 557 F.2d at 133 (discussing the D.C. Circuit cases). We disagree with this interpretation of the "newly discovered evidence" clause. That clause does not create a general, equitable exception to the seven-day limit upon new trial motions, enabling defendants to escape the limit if it imposes a significant hardship. Rather, we read the clause to set a longer time limit applicable to a well-defined set of cases: cases in which previously unknown facts come to light. Contentions based upon known but unappreciated facts do not fall within the category governed by the more generous two-year limit.

■ Our analysis thus far disposes of most of the evidence which Ugalde contends is "newly discovered." Ugalde's allegations of ineffective assistance of counsel involve claims that his court-appointed counsel was inadequately prepared for trial and made numerous tactical errors in the course of the trial, such as failure to object,

failure to cross-examine witnesses, and failure to call witnesses on Ugalde's behalf. Perhaps Ugalde's most serious allegation is that his counsel waived a valid objection to venue of the CTR indictment in the Western District of Texas, and allowed the government to consolidate that indictment with a multi-count RICO and drug smuggling indictment charging Ugalde and others.[5] All of these arguments rest upon facts within Ugalde's knowledge at the time of trial.

Our inquiry cannot end here, however, for some of Ugalde's allegations rest upon evidence arguably unknown to him until after the trial. For example, Ugalde argues that time records in a document depository show that his attorney spent very little time reviewing crucial items of evidence. Ugalde did not necessarily know during trial how much time his counsel had spent examining the papers.

We must decide whether these facts may constitute newly discovered evidence for purposes of Rule 33. That is, we must answer the second of our two questions identified earlier: whether facts about counsel's performance not known to the defendant at the time of trial can be newly discovered evidence. As we examine this question, we must keep in mind the mix of policies that inform the procedural restrictions upon post-conviction remedies available to criminal defendants. Criminal procedure seeks results that are fair, final, and speedily obtained. Society's interests in fairness, finality, and dispatch may at times cut in different directions. The various mechanisms for review—including direct appeal, motions for new trial, and the writ of habeas corpus—accommodate each of these concerns, as do variations in standards of review and time limitations.

The Supreme Court has recognized the need to preserve the procedural restrictions special to each of these means for reviewing a criminal conviction. Justice Black, while commenting upon Rule 33's less generous predecessor, Fed.R.Crim.App. II, said,

> Determination of guilt or innocence as a result of a fair trial, and prompt enforcement of sentences in the event of conviction, are objectives of criminal law. In the interest of promptness, Rule II(2) of the Criminal Appeals Rules requires that motions for new trial generally must be made within three days after verdict or finding of guilt, and Rule III requires appeals to be taken within five days. But motions for new trial on the ground of newly discovered evidence have been more liberally treated. They can, under Rule II(3), be made at any time within sixty days after judgment, and in the event of an appeal, at any time before final disposition by the appellate court. This extraordinary length of time within which this type of motion can be made is designed to afford relief where, despite the fair conduct of the trial, it later clearly appears to the trial judge that, because of facts unknown at the time of trial, substantial justice was not done. It is obvious, however, that this privilege might lend itself for use as a method of delaying enforcement of just sentences. Especially is this true where delay is extended by appeals lacking in merit. This case well illustrates this possibility. While a defendant should be afforded the full benefit of this type of rectifying motion, courts should be on the alert to see that the privilege of its use is not abused.

*United States v. Johnson,* 327 U.S. 106, 112–13, 66 S.Ct. 464, 466–67, 90 L.Ed. 562 (1945).

As Justice Black's comments make clear, the primary purpose of the newly discovered evidence rule is to afford relief when, "despite the fair conduct of the trial, ... facts unknown at the trial" make clear that "substantial justice was not done." This remedy is a narrow one. We have recognized that the remedy is most suited to cases in which "the proffered evidence goes directly to proof of guilt or inno-

---

5. This allowed the prosecution to enter evidence about "guns and dope" that would otherwise have been inadmissible.

cence." *United States v. Jones*, 597 F.2d 485 (5th Cir.1979). We have also observed that motions for new trial on the basis of newly discovered evidence "are disfavored by the courts and therefore are viewed with great caution." *United States v. Fowler*, 735 F.2d 823, 830 (5th Cir.1984).

A restrictive definition of "newly discovered evidence" has preserved the limited character of the exception to the seven-day time limit on new trial motions. "Newly discovered evidence is evidence that could not have been discovered with due diligence at the time of trial." *United States v. Beasley*, 582 F.2d 337, 339 (5th Cir.1978). Our decisions give teeth to the diligence requirement. *See, e.g., United States v. Johnson*, 596 F.2d 147 (5th Cir.1979) (where defendant might have subpoenaed a document, the document could not constitute newly discovered evidence).

Even when evidence is concededly "newly discovered," so that the two-year time limit applies, we subject the motion to an unusually stringent substantive test. Under that test, a new trial will be granted only when the defendant can meet each of five requirements:

> A defendant who challenges the trial court's denial of the motion has the burden of showing that: (1) the evidence was discovered following trial, (2) the failure to learn of the evidence was due to no lack of due diligence on the part of the defendant, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material, and (5) the evidence is such that a new trial will probably produce an acquittal.

*Fowler*, 735 F.2d at 830.

This test gives great weight to society's interest in the finality of criminal convictions. Still stronger evidence of Rule 33's concessions to the finality interest, however, is that when two years have passed, Rule 33 offers no aid to even the most diligent defendant who produces the most exculpatory imaginable evidence. The finality interest receives less deference when motions for new trial are made within the normal seven-day period, when courts will hear not only motions based on newly discovered evidence but also motions "alleging error in the trial process." *Project, Seventeenth Annual Review of Criminal Procedure*, 76 Geo. L.J. 1200 (1988). At that time, courts will grant the motion, even if based on "newly discovered evidence," whenever it is "in the interest of justice to do so." *See* C. Wright, 3 *Federal Practice and Procedure* § 557 (2d ed. 1982).

We have nonetheless in some cases extended the narrow, specific remedy afforded by the two-year time limit, so that the remedy reaches beyond the paradigmatic case of a defendant whose innocence is suddenly suggested by previously unobtainable facts. The most common of these extensions applies in cases of jury tampering when the defendant discovers, more than seven days after conviction, evidence of improper influences upon the jury. *See, e.g., Jones*, 597 F.2d at 488. Because a motion for new trial is the traditional means by which defendants have sought redress from the verdict of a tampered jury, courts were especially willing to apply the two-year time limit to evidence of jury tampering. *See Rubenstein v. United States*, 227 F.2d 638, 642 (10th Cir.1955) (citing cases); *see also Holmes v. United States*, 284 F.2d 716, 719–20 (4th Cir.1960) (citing *Rubenstein*), and *Richardson v. United States*, 360 F.2d 366, 368 (5th Cir. 1966) (citing *Holmes*). Indeed, at least one decision in this area suggested that a motion for new trial was the sole appropriate basis for relief from jury tampering, *see Rubenstein*, 227 F.2d at 642, although more recent *habeas* cases have assumed that those injured by jury tampering may vindicate their interests by a collateral attack on the tainted verdict. *See Hayden v. United States*, 814 F.2d 888 (2d Cir.1987) (assuming, without discussion, that jury tampering is a cognizable ground for relief under § 2255); *Stimack v. Texas*, 548 F.2d 588 (5th Cir.1977) (assuming, without discussion, that jury tampering is a cognizable ground for relief under § 2254). Yet although the new trial motion is the traditional ground for relief from a tampered jury's verdict, we nonetheless demand that defendants who allege jury tampering carry the burden of showing due

diligence if they wish to gain the benefit of the longer two-year period for their motion. *Jones,* 597 F.2d at 489 (upholding denial of new trial on basis that defendant failed to present evidence relevant to his own diligence in investigating jury tampering).

More generally, we have held that newly discovered evidence "need not relate only to the question of innocence but may be probative of another issue of law." *United States v. Beasley,* 582 F.2d 337, 339 (5th Cir.1978). *Beasley* itself dealt with evidence of a *Brady* violation. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (a prosecutor who discovers evidence tending to exculpate a defendant has a constitutional obligation to disclose that evidence to the defendant).

Such applications of the two-year time period are however rare. Nearly all cases, in both this and other circuits, applying the longer time limit involve motions resting either upon evidence of innocence or evidence of jury tampering. We must now decide whether to create a new exception to the general rule that "newly discovered evidence" means evidence going to the issue of the defendant's innocence. If we were to create such an exception for evidence of ineffective assistance of counsel, we would greatly expand the opportunities to make a late request for a new trial. Defendants could easily search out some fact about their lawyer's pre-trial preparation, and make that fact the basis for an otherwise untimely motion for new trial. Such motions would rarely succeed, but they could allow defendants to "delay ... the enforcement of just sentences," a consequence against which Justice Black warned us forty years ago. 327 U.S. at 112, 66 S.Ct. at 466.

Moreover, defendants prejudiced by ineffective assistance of counsel have a ready remedy. They may mount a collateral challenge by a federal *habeas* petition as allowed by 28 U.S.C. § 2255. That mechanism, rather than a new trial, seems best to accommodate the interests in finality and fairness with respect to ineffective assistance of counsel claims. Indeed, the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2068, 80 L.Ed. 2d 674 (1984), refused to model the standard of review in ineffective assistance of counsel cases upon the standard of review in newly discovered evidence cases, observing that the two sets of cases involve very different concerns.

Even when the specified attorney error results in the omission of certain evidence, the newly discovered evidence standard is not an apt source from which to draw a prejudice standard for ineffectiveness claims. The high standard for newly discovered evidence claims presupposes that all the essential elements of a presumptively accurate and fair proceeding were present in the proceeding whose result is challenged.... An ineffective assistance claim asserts the absence of one of the crucial assurances that the result of the proceeding is reliable, so finality concerns are somewhat weaker and the appropriate standard of prejudice should be somewhat lower.

We could, of course, allow ineffective assistance of counsel claims to benefit from the two-year time limit when based upon evidence discovered after trial. We could then develop a new, softer standard of review to govern this special breed of "newly discovered evidence" motion. Such judicial innovation seems, however, to confuse categories unnecessarily, given that *habeas* relief is available to a defendant claiming ineffective assistance of counsel and that Rule 33 expressly limits the two-year time period to "newly discovered evidence" claims.

▮ Preserving the distinct categories of post-conviction relief certainly imposes no hardship upon Ugalde. None of the evidence which Ugalde contends is "newly discovered" would have remained unknown to him had he diligently sought such information. The four facts which Ugalde says he discovered recently are that his counsel spent too little time studying documentary evidence; that his counsel failed to consult with him about the transfer of Ugalde's indictment; that his counsel failed to advise Ugalde of his rights with respect to the new indictment against him; and that trial counsel failed to consult with previ-

ously retained counsel. Ugalde has presented no evidence that he diligently monitored the adequacy of his counsel's preparation and advice. The facts he lists were easily discoverable. The evidence Ugalde offers is therefore not "newly discovered" under the restrictive standards applied to *any* Rule 33 motion filed more than seven days after conviction.

It is impossible to derive by logic alone categories that adequately accommodate the competing concerns of finality, fairness, and speed. The tensions among these objectives requires that we make practical distinctions tailored to the particular balance of concerns implicated by each type of post-conviction claim, whether those claims involve new evidence of innocence, ineffectiveness of counsel, evidence of jury tampering, or some other challenge to the original trial's integrity. We must ensure that for every right there is a remedy, *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 163, 2 L.Ed. 60 (1803), but we need not provide for every right the same remedy.

The district court's decisions convicting Ugalde and dismissing his new trial motion as untimely are therefore AFFIRMED.