894 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul M. SIMSON, Defendant-Appellant.
 No. 89-5584.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 3, 1989.
Decided: Dec. 14, 1989.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Hiram H. Ward, Senior District Judge. (CR-88-39-G)
 Paul Mogin (Aubrey M. Daniel, III; Jonathan P. Graham, Williams & Connolly, on brief), for appellant.
 Paul Alexander Weinman, Assistant Attorney General (Robert H. Edmunds, Jr., United States Attorney; Becky May Strickland, Paralegal Specialist, on brief), for appellee.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and JOSEPH H. YOUNG, Senior District Judge, United States District Court for the District of Maryland, sitting by designation.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Paul M. Simson appeals from the district court's denial of his motion for a new trial under Federal Rule of Criminal Procedure 33* based on newly discovered evidence of ineffective assistance of counsel in violation of the Sixth Amendment. We reverse and remand the case to the district court for consideration of the merits of the motion.
 
 
 2
 * After a jury trial, Simson was found guilty on May 13, 1988, of one count of conspiring to defraud the Small Business Administration in violation of 18 U.S.C. Sec. 371 and two counts of making false statements to the SBA in violation of 18 U.S.C. Secs. 1001, 1002. The court granted Simson's motion to defer sentencing until after the trial in October 1988 of other defendants indicted on charges related to the same events.
 
 
 3
 On December 13, 1988, before the entry of judgment in Simson's case, Simson moved for a new trial based on newly discovered evidence of ineffective assistance of counsel under Federal Rule of Criminal Procedure 33. In the motion, Simson alleged a conflict of loyalties of his trial counsel and prejudice from an incompetent trial counsel. On March 30, 1989, the district court denied the motion on the ground that it had no subject matter jurisdiction to consider the Rule 33 claim. The court entered judgment on the verdict on April 13, 1989, and Simson appealed.
 
 II
 
 4
 The precise issue is whether the district court had jurisdiction to hear Simson's Sixth Amendment claim brought before entry of judgment by a motion for a new trial based on newly discovered evidence under Federal Rule of Criminal Procedure 33. Resolving this issue does not require adoption of a broad rule that a claim of ineffective assistance of counsel alleging facts unknown to the defendant at the time of trial can always be raised by a Rule 33 motion for a new trial. The concerns of finality which influenced the Fifth Circuit's decision in United States v. Ugalde, 861 F.2d 802, 807-09 (5th Cir.1988), on which the government relies, are not present because Simson brought the Rule 33 motion before entry of judgment. Unlike the defendant in Ugalde, 861 F.2d at 809, Simson could not have brought a petition under 28 U.S.C. Sec. 2255 at the time he filed the Rule 33 motion.
 
 
 5
 We conclude that the district court has jurisdiction to determine Simson's Rule 33 motion for a new trial based on evidence discovered after the jury returned its verdict but before the court entered judgment. We reverse the denial of the Rule 33 motion and remand the case to the district court for a determination of the merits of Simson's allegations.
 
 
 
 *
 Federal Rule of Criminal Procedure 33 states in relevant part:
 
 
 A
 motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case