IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10533
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABDUL SATAR,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-331-G
- - - - - - - - - - -
April 6, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Abdul Satar appeals his conviction and sentence for possession with intent to distribute more than 100 grams of heroin and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Satar's challenge to the district court's denial of his motion to suppress evidence found in his apartment is without merit. There was sufficient probable cause for the agents to believe that contraband was in Satar's apartment after they saw him carry the package containing heroin into his apartment. As for the warrantless entry, it was

_____

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

justified by exigent circumstances.  See United States v. Howard, 106 F.3d 70, 74 (5th Cir. 1997).  Approximately 45 minutes after Satar had entered his apartment with the package, the agents had not been alerted by the transmitter inside the package and they feared that it had failed due to the heat and the length of time it had been in the package or that the package had been opened and that Satar had seen the transmitter.  At that point, it was reasonable for the agents to believe that they could not wait to obtain a warrant.  See e.g., United States v. Rodea, 102 F.3d 1401, 1402, 1409-10 (5th Cir. 1996).  Satar's argument that the agents manufactured the exigency is meritless.  Nothing in the record indicates that the agents acted unreasonably.  See Howard, 106 F.3d at 78.  Although they might have been able to obtain a warrant before the heroin was removed or destroyed, the possibility that it would be too late was significant enough to justify the warrantless entry.  See Rodea, 102 F.3d at 1410.

Satar argues for the first time on appeal that his consent to the subsequent search of his apartment was not voluntary because it was given under duress.  The argument is reviewed only for plain error.  United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994)(en banc).

Satar was warned of his constitutional rights and asked to consent to a search.  Satar consented but said he knew nothing about what was going on.  The agents told Satar that he had a right to refuse to consent to the search.  Satar said that he understood his rights and signed a consent form which was read to him in English.  The district court was entitled to give more

weight to the agent's version of facts based on a finding that the agent was more credible than Satar. United States v. Kelly, 556 F.2d 257, 262 (5th Cir. 1977). It was not plain error for the district court to find based on the testimony at the hearing that Satar's consent was not coerced.

Satar's claim of ineffective assistance of counsel cannot be resolved because it was not raised before the district court. United States v. Ugalde, 861 F.2d 802, 804 (5th Cir. 1988). Such claims are decided on direct appeal only in those rare instances where the record is sufficiently complete to fairly evaluate the claim. Id. Assuming that this appeal is one of those rare instances, Satar cannot show that counsel was ineffective. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Satar lacked standing to object to the search and seizure of the package because he voluntarily abandoned the property. He told the agents it did not belong to him and during his testimony at trial he denied ownership of it. His counsel therefore had no basis to challenge introduction of the package as evidence. See United States v. Quiroz-Hernandez, 48 F.3d 858, 864 (5th Cir. 1995); United States v. Alvarez, 6 F.3d 287, 289-90 (5th Cir. 1993). As for counsel's failure to contest the use of the transmitter in Satar's residence, no evidence was obtained as a result of the transmitter because Satar did not open the package. The outcome of the proceedings was unaffected by the use of the transmitter, thus no prejudice can be shown.

Satar argues that the evidence at trial was insufficient to show that he knew heroin was inside the package mailed to him.

Knowledge can be proved by circumstantial evidence. United States v. Rodriquez, 993 F.2d 1170, 1175 (5th Cir. 1993). The evidence at trial established that Satar picked up, signed for, and took into his apartment a package not addressed to him and that the package contained heroin. An experienced DEA agent testified that narcotics traffickers entrust packages containing large quantities of narcotics only to persons who are trusted members of their organizations. The agent testified that the heroin had a wholesale value between $64,000 and $80,000, and a street value between $640,000 and $800,000. The jury could infer that such a large quantity of narcotics was not misaddressed and was not delivered to the wrong individual. See United States v. Del Aquila-Reyes, 722 F.2d 155, 157 (5th Cir. 1983). Moreover, Satar acknowledged that the nickname "A. Jaan" had been used to address him in the past, and a mail carrier testified that Satar had previously received two packages from overseas. Satar was a citizen of the country from which the package originated, Afghanistan, and his passport indicated trips to and from Pakistan and Afghanistan, and entry into the United States through New York City, a place where the type of heroin in the package is commonly distributed. Satar's address books contained the name "Abdul Khaliq," the name of the man who was smuggling the heroin out of Afghanistan and who had Satar's "A. Jaan" name and address on a piece of paper. Based on this evidence, a rational trier of fact could have found beyond a reasonable doubt that Satar had knowledge of the contents of the package. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Satar argues for the first time in this court that under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), the indictment was defective because it did not identify a specific quantity of drugs. He also argues that the jury charge was defective because it did not specify a quantity of drugs that Satar possessed with the intent to distribute. Contrary to Satar's assertion, the indictment alleged possession of a quantity of heroin in excess of 100 grams, in violation of 21 U.S.C. § 841(a)(1). The jury charge, however, required only a finding of possession of an unspecified quantity of heroin with the intent to distribute it. Because § 841 calls for a factual determination regarding the quantity of the controlled substance, and that factual determination significantly increases the maximum penalty from 20 years under § 841(b)(1)(C) to life imprisonment under § 841(b)(1)(A), the jury charge in this case was unconstitutional under Apprendi. See United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir.), cert. denied, 2001 WL 38408 (U.S. Feb. 20, 2000). Nonetheless, Satar's sentence of 136 months is less than the statutory maximum of 20 years and therefore within the range of punishment for the jury finding that he was guilty of possession with the intent to distribute an unspecified quantity of heroin. See id. (citing United States v. Meshack, 225 F.3d 556, 575-76 (5th Cir. 2000)); § 841(b)(1)(C).

However, since the elements found by the jury satisfied only a conviction under § 841(b)(1)(C), a Class C felony, Satar's term of supervised release cannot exceed three years. See Doggett, 230 F.3d at 165 n.2 (citing 18 U.S.C. § 3583(b)(2); United States

v. Kelly, 974 F.2d 22, 24-25 (5th Cir. 1992)).  We correct some errors under plain error review.  Meshack, 225 F.3d at 578. Accordingly, Satar's supervised release term of four years is hereby MODIFIED to the statutorily mandated three-year term.

AFFIRMED WITH MODIFICATION.