IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-31113
_____


UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LARRY S. BANKSTON

Defendant - Appellant

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(No. 96-CR-207)
_____
December 28, 2001

Before KING, Chief Judge, and HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Defendant Larry S. Bankston appeals the district court's denial of his motion for a new trial based on newly discovered evidence. Defendant also appeals the district court's denial of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his requests for further discovery and for an evidentiary hearing.  For the following reasons, we AFFIRM.

## I.  Factual and Procedural History

On June 27, 1997, following a lengthy trial in federal district court, former Louisiana state senator Larry S. Bankston was found guilty of two counts of racketeering in violation of 18 U.S.C. § 1952.[1]  Bankston's conviction was affirmed by this court in United States v. Bankston, 182 F.3d 296 (5th Cir. 1999), reversed as to one defendant, Cleveland v. United States, 531 U.S. 12 (2000).[2]  On June 26, 2000, Bankston timely filed in the district court a motion for a new trial based on newly discovered evidence under Federal Rule of Criminal Procedure 33.  FED. R. CRIM. P. 33.[3]  Specifically, Bankston's motion alleged Sixth

_____

[1]  Bankston's offenses involved using interstate communications to aid in bribery transactions relating to Louisiana's video poker industry.

[2]  Bankston did not file a petition for certiorari with the Supreme Court, and thus his case was not part of the Supreme Court case.

[3]  Rule 33 provides in relevant part:
> On a defendant's motion, the court may grant a new trial to that defendant if the interests of justice so require. . . . A motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty. . . .  A motion for a new trial based on any other grounds may be made only within 7 days after the verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

2

Amendment and attorney-client privilege violations based upon newly discovered evidence regarding government surveillance of conversations between Bankston's attorneys and third parties.

Before Bankston's trial and pursuant to a separate investigation, the government began electronic surveillance of the law offices of former Louisiana governor Edwin Edwards and his son Stephen Edwards.  Bankston's attorneys, Karl Koch and Lewis Unglesby, communicated with Stephen and Edwin Edwards in the wiretapped offices concerning trial strategy and tactics in Bankston's case.[4]  Bankston learned of the wiretapping before his trial and filed a motion for appropriate relief on May 6, 1997 in light of the possibility that his trial strategy had been revealed to the prosecution team.  The Government responded that "at no time was [any] special agent, witness, or government prosecutor, exposed to any arguably privileged conversations, information, strategies, or documents which relate in any way to the defense in the instant case."  To determine whether this representation was true, the district court twice conducted ex parte and in camera meetings with an assistant U.S. Attorney who was not involved in either the Bankston or the Edwards prosecution.  After these meetings, the district court concluded

FED. R. CRIM. P. 33.

[4]  Bankston's attorneys had previously represented both Stephen and Edwin Edwards and had acted as co-counsel with Stephen Edwards in other legal matters.  Furthermore, Edwin Edwards testified as a defense witness in Bankston's case.

3

that "no special agents, witnesses, or government prosecutors in this case have been exposed to any conversation, information, strategies, or documents which relate in any way to the defense in the instant case."[5]

In his motion for a new trial, Bankston reasserts that the Government recorded privileged conversations that revealed his trial strategy to the team prosecuting his case. In support of this motion, Bankston offers an affidavit by his former counsel Koch, stating that Koch uncovered new evidence indicating that Government case agents in Bankston's case, Larry Jones and Susan Phillips, had been wiretap monitors in the Edwardses' case. Koch's affidavit further indicates that Jones monitored at least a portion of a conversation in which Koch consulted with Stephen Edwards about "critical matters dealing with the Bankston defense." The district court held a hearing to consider the motion. At the hearing, Bankston argued for further discovery and an evidentiary hearing to determine whether agents working on his case overheard or were informed of communications by his attorneys and concerning trial strategy in his case. The district court denied Bankston's motion for a new trial and his requests for further discovery and an evidentiary hearing.

---

[5] This statement appears in the district court's denial of Bankston's motion for reconsideration of the court's denial of his motion for appropriate relief. This minute entry was filed under seal on May 8, 1997.

4

## II. Bankston's Motion for a New Trial

"Motions for a new trial based on newly discovered evidence are disfavored and reviewed with great caution." United States v. Bowler, 252 F.3d 741, 747 (5th Cir. 2001). To be entitled to a new trial, Bankston must demonstrate (1) that the evidence is newly discovered and was unknown to him at the time of trial, (2) that the failure to detect the evidence was not due to a lack of diligence by Bankston, (3) that the evidence is material and not merely cumulative or impeaching, and (4) that the evidence introduced at a new trial would probably produce an acquittal. Id. Unless Bankston establishes all four factors, his motion for a new trial should be denied. Id. This strict standard "gives great weight to society's interest in the finality of criminal convictions." United States v. Ugalde, 861 F.2d 802, 808 (5th Cir. 1988). We review the district court's denial of Bankston's motion for a new trial based on newly discovered evidence for an abuse of discretion only. Bowler, 252 F.3d at 747.

Since neither party suggests otherwise, we assume for purposes of this appeal that a Rule 33 motion for a new trial based upon newly discovered evidence is the proper vehicle for Bankston's claims.[6] As a threshold matter, to properly assert a

---

[6] Generally, a Rule 33 motion for a new trial based upon newly discovered evidence is "most suited to cases in which 'the proffered evidence goes directly to proof of guilt or innocence.'" Ugalde, 861 F.2d at 807-08 (quoting United States v. Jones, 597 F.2d 485, 488 (5th Cir. 1979)). This court has held that "raising an [ineffective-assistance-of-counsel] claim

Rule 33 motion filed more than seven days after the verdict, Bankston must present "newly discovered evidence." Prior to his trial, Bankston knew that the Government had wiretapped the Edwardses' offices and that conversations between the Edwardses and his attorneys may have been intercepted by Government agents. Thus, the only arguably new evidence presented by Bankston in his motion for a new trial is that Jones and Phillips, Government agents involved in the investigation of Bankston, were also involved in the surveillance of the Edwardses and thus possibly overheard conversations regarding the trial strategy to be used in Bankston's case. The district court questioned whether this evidence qualifies as "newly discovered" but assumed that it did for the purposes of Bankston's motion for a new trial. United States v. Bankston, No. CRIM.A.96-207, 2000 WL 1252582, at *2 (E.D. La. Sept. 1, 2000). After making this assumption, the district court denied Bankston's motion for a new trial because

---

through the mechanism of a new trial motion based on newly discovered evidence is wholly impermissible." United States v. Medina, 118 F.3d 371, 373 (5th Cir. 1997).

In light of Medina, Bankston's Rule 33 motion may be an impermissible vehicle for asserting his Sixth Amendment claims. But see United States v. Van Deveer, 577 F.2d 1016 (5th Cir. 1978) (addressing the defendants' motion for a new trial based on newly discovered evidence even though the motion was based on evidence of the intrusion of a government informer into the "defense-camp" and implicated the defendants' Fifth and Sixth Amendment rights). Rather than decide the issue, we assume, as the parties and the district court have implicitly assumed, that a Rule 33 motion for a new trial based upon newly discovered evidence is the proper vehicle for Bankston's Sixth Amendment claims.

it found that the attorney-client privilege and Bankston's Sixth Amendment rights were not violated.

For purposes of this appeal, we assume, as the district court assumed, that the evidence presented by Bankston qualifies as "newly discovered." We also assume that the failure to detect the evidence prior to conviction was not due to a lack of diligence by Bankston. Finally, we assume that the new evidence is material to his conviction. We find it unnecessary, however, to consider the underlying merits of Bankston's claims. Even if Bankston establishes violations of the attorney-client privilege and the Sixth Amendment, Bankston is not entitled to a new trial because he fails to establish that the new evidence would probably produce an acquittal if presented at a new trial.

Bankston makes vague and unsupported claims that the overheard information allowed the prosecution team to "structure [its] questioning of witnesses," particularly the cross-examination of Edwin Edwards, and that Bankston's confidence in his attorneys was "severely shaken" as a result. The new evidence presented by Bankston is unlikely to produce an acquittal. In the context of a motion for new trial based on newly discovered evidence, this court has previously explained that in order to justify a new trial:

> "[T]he likelihood of changing a jury's decision as a result of newly discovered evidence must rise considerably above the level of speculation. Otherwise, finality

7

>would be a vanishing element from all judgments of conviction in criminal cases."

United States v. Prior, 546 F.2d 1254, 1259 (5th Cir. 1977) (quoting Ross v. Texas, 474 F.2d 1150, 1153 (5th Cir. 1973) (habeas case)).  Bankston does not present any concrete evidence that the prosecution team had information from the overheard conversations or used any such information to secure his conviction.[7]  If the prosecution team had no knowledge of the content of the conversations, the conversations had no effect on Bankston's trial or conviction.  Therefore, the jury's guilty verdict is untainted, and Bankston cannot establish that a new trial would probably produce an acquittal.  The district court did not abuse its discretion in denying Bankston's motion for a new trial.

### III.  Further Discovery and an Evidentiary Hearing

A.  Further Discovery

In his motion for a new trial Bankston requested:

>[A]n order directed to the Government to produce audio/video recordings, logs, log summaries or reports, 10 day reports, motions and/or internal request (sic) to seal any potentially privileged conversations, interpretive reports, all interdepartmental communications, instructions to monitoring agents, formal or informal writings related

---

[7]  Jones and Phillips, the agents involved in both the Edwards and the Bankston investigations, were not members of the Bankston prosecution team.

> to the alleged "Chinese Wall," and any other document which might related (sic) to the Bankston investigation and/or trial. Further defendant request (sic) that the court authorize counsel for Stephen & Edwin Edwards to provide to Bankston's counsel any evidence found during their investigation that might relate to the Bankston trial and/or investigation.

Bankston asserts that this additional discovery would allow him to further develop support for his motion for a new trial. The district court denied Bankston's request for further discovery as "a fishing expedition . . . seeking to substantiate mere speculations in the absence of any evidence." Bankston, 2000 WL 1252582, at *5.

We agree with the district court. The Government asserts that is has produced all of the relevant evidence in this case. Although Bankston cannot specifically describe the evidence he seeks, he requests further discovery "to independently confirm the full extent of the intrusion" into the attorney-client relationship. Bankston is not entitled to discovery when his request is supported only by speculation as to what he might find. See Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000) (habeas case) (stating that allegations supporting a need for discovery "must be specific, as opposed to merely speculative or conclusory"); see also United States v. Zarzour, 432 F.2d 1, 4 (5th Cir. 1970) (stating, in the context of a motion for new trial based on newly discovered evidence, that "the defendant was entitled to see a transcript of his own conversations and nothing

9

else.  He had no right to rummage in government files" in order to support his claim of Sixth Amendment violations) (emphasis in original).  Accordingly, the district court's denial of Bankston's request for further discovery was correct.

B.  An Evidentiary Hearing

In addition to further discovery, Bankston requested an evidentiary hearing in his motion for a new trial "in which the government would be required to disclosure (sic) relevant portions of the Title III wiretap material relating to Edwin and Stephen Edwards."  Because it found that an evidentiary hearing would be unnecessary, the district court denied Bankston's request.

The decision to hold an evidentiary hearing "rests within the sound discretion of the trial court."  United States v. Blackburn, 9 F.3d 353, 358 (5th Cir. 1993).  Furthermore, "[a] motion for a new trial can ordinarily be ruled upon without conducting an evidentiary hearing."  United States v. Simmons, 714 F.2d 29, 30 (5th Cir. 1983).  As we have noted, "the acumen gained by the trial judge in presiding over the course of the trial makes Rule 33 motions directed to the same judge 'particularly suitable for ruling without a hearing.'"  United States v. MMR Corp., 954 F.2d 1040, 1046 (5th Cir. 1992) (quoting United States v. Hamilton, 559 F.2d 1370, 1373 (5th Cir. 1977)).

Bankston requests an evidentiary hearing for the same reason that he requests further discovery – to search for evidence

supporting the speculative claims in his motion for a new trial. The Government asserts, however, that it has already produced all of the relevant evidence in this case.  Under these circumstances, because of its familiarity with the evidence and the parties, we defer to the district court's determination that an evidentiary hearing is unnecessary.

## IV.  Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of Bankston's motion for a new trial and his requests for further discovery and an evidentiary hearing.