NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2679
_____

UNITED STATES OF AMERICA

v.

EDWIN GARCIA,
Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3-05-cr-00004-001)
District Judge: Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2013

Before: RENDELL, AMBRO and VANASKIE, Circuit Judges

(Opinion Filed: March 19, 2013)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

On April 28, 2011, Appellant Edwin Garcia was convicted after a bench trial of

Mail Fraud, in violation of 18 U.S.C. § 1341, False Statements Generally, in violation of

18 U.S.C. § 1001, and False Statements in Order to Obtain Federal Employees'

Compensation, in violation of 18 U.S.C. § 1920. On appeal, Garcia argues that: (1) he

had ineffective assistance of counsel; (2) the District Court abused its discretion by denying his motion for a new trial; and (3) the District Court erred in finding him guilty, as the evidence was insufficient to support his convictions. For the reasons stated below, this Court will not review Garcia's ineffective assistance of counsel claim and will affirm the District Court's denial of the motion for a new trial and judgment of conviction.

## I.

We write principally for the benefit of the parties and therefore recount only those facts essential to our review.

On May 28, 2008, a grand jury returned an eight-count indictment against Garcia, a former employee of the United States Postal Service, charging him with numerous counts of mail fraud and false statements in connection with a fraudulent scheme to collect federal workers' compensation benefits. Garcia, represented by a court-appointed attorney, waived his right to a jury trial and proceeded to a non-jury trial before Senior District Court Judge Edwin M. Kosik. After a two-day trial, the District Court found Garcia guilty of Mail Fraud, False Statements Generally, and False Statements in Order to Obtain Federal Employees' Compensation. The District Court found Garcia not guilty on the remaining counts. It subsequently sentenced Garcia to two years of probation on all three counts of conviction to run concurrently, to be followed by a three-year term of supervised release. Additionally, Garcia was ordered to pay $36,399.13 in restitution and a $300 special assessment fee.

Following the trial, Garcia's court-appointed attorney withdrew as counsel and a new attorney entered an appearance on his behalf. Garcia's new attorney filed a motion

2

for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The District Court dismissed the motion as untimely because Garcia offered no reason for the delay. Thereafter, Garcia's second counsel withdrew and current counsel for Garcia entered his appearance, again filing a motion for a new trial, which was denied. This appeal followed.

Garcia argues that the District Court erred in denying his motion for a new trial based upon ineffective assistance of counsel; that this Court should review his ineffective assistance of counsel claim; that his constitutional rights were violated due to his ineffective counsel; and that the government did not provide sufficient evidence at trial to meet its burden of proof beyond a reasonable doubt. Garcia seeks a new trial, or alternatively, that this Court review the merits of his motion.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

### a. Ineffective Assistance of Counsel

Garcia first argues that his court-appointed attorney provided ineffective assistance of counsel, which violated his Sixth Amendment rights, when counsel failed to prepare a proper defense for Garcia and failed to file Garcia's post-trial motions.

It is well-settled that this Court ordinarily does not review claims of ineffective assistance of counsel on direct appeal. *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003). The proper avenue for ineffective assistance claims is through a collateral proceeding pursuant to 28 U.S.C. § 2255, where the record for such claims may be

properly developed. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Headley*, 923 F.2d 1079, 1083 (3d Cir. 1991). There is a narrow exception to the rule "[w]here the record is sufficient to allow determination of ineffective assistance of counsel." *Headley*, 923 F.2d at 1083. However, "[w]here a claim of ineffective assistance of counsel is based on attorney incompetence, the lack of a fully developed record often precludes a comprehensive inquiry into the elements of strategy or tactics that may have entered into defense counsel's challenged decision." *United States v. McLaughlin*, 386 F.3d 547, 555 (3d Cir. 2004). As such, the "proper avenue for pursuing such a claim is through a collateral proceeding." *United States v. Theodoropoulos*, 866 F.2d 587, 598 (3d Cir. 1989).

Garcia claims that counsel was ineffective because he failed to protect Garcia's interests, conduct discovery, prepare for trial, and timely file his motion for a new trial or seek additional time to file the motion. However, the record currently before the Court is insufficient for us to review the reasons for counsel's actions or inaction. The record indicates that the government provided discovery to Garcia's trial counsel and that both Garcia and his trial counsel appeared at the United States Attorney's Office on multiple occasions to review the records. Furthermore, we do note that Garcia was acquitted on five of the eight charges against him. Similarly, Garcia's claims of ineffectiveness regarding post-trial counsel are incapable of resolution based on the present record before this Court.

Because the record is silent as to why Garcia's trial counsel defended the case as he did, we have "no way of knowing whether a seemingly unusual or misguided action

4

by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse." *Massaro*, 538 U.S. at 5005. Thus, because the record cannot justify an exception to this Court's general rule that claims of ineffective assistance of counsel should be pursued in a collateral proceeding, we will deny Garcia's claim of ineffective assistance of counsel.

**b. Rule 33 Motion**

Garcia additionally argues that the District Court erred in denying his Rule 33 motion for a new trial as untimely and not reaching the merits of the motion. FED. R. CRIM. P. 33. We review a district court's denial of a new trial for abuse of discretion. *Government of Virgin Islands v. Lima*, 774 F.2d 1245, 1250 (3d Cir. 1985). Garcia does not contest the untimeliness of the motion, but rather argues that the District Court should have used its discretion to grant, or at a minimum address, the merits of the motion because the filing was untimely due to ineffective assistance of counsel. While Garcia may be able to demonstrate counsel's ineffectiveness in a collateral proceeding, that does not provide a basis for us to find that the District Court abused its discretion in denying a new trial. *See United States v. Chorin*, 322 F.3d 274, 282 n.4 (3d Cir. 2003) (citing *United States v. DeRewal*, 10 F.3d 100, 104-05 (3d Cir. 1993)) ("[T]his Court has expressed a preference that ineffective assistance of trial counsel claims be brought as collateral challenges under 28 U.S.C. § 2255, rather than as [Rule 33] motions for new trials or on direct appeal.").

Garcia offers no explanation other than ineffective assistance of counsel for the untimeliness of the motion. As noted above, if Garcia was prejudiced by ineffective

5

assistance of counsel he has a "ready remedy," whereby he "may mount a collateral challenge by a federal habeas petition as allowed by 28 U.S.C. § 2255. That mechanism, rather than a new trial, seems best to accommodate the interests in finality and fairness with respect to ineffective assistance of counsel claims." *United States v. Ugalde*, 861 F.2d 802, 809 (5th Cir. 1988).

In any event, we do not find that the District Court abused its discretion in denying Garcia's motion for a new trial, and therefore will affirm the District Court's denial of Garcia's motion.

### c. Constitutional Rights

Garcia next argues that his Sixth Amendment rights were violated when his attorneys failed to properly represent him and preserve his rights. Garcia's Sixth Amendment claims essentially assert ineffective assistance of counsel and, as discussed above, the "proper avenue for pursuing such a claim is through a collateral proceeding." *Theodoropoulos*, 866 F.2d at 598. We will therefore deny his Sixth Amendment claims.

### d. Due Process

Garcia also asserts a violation of his due process rights due to the ineffectiveness of his attorney. Again, Garcia's procedural argument merely disguises an ineffective assistance of counsel claim. For the reasons stated above, we will deny appellant's claim as he has a "ready remedy," which is to "mount a collateral challenge" instead of bringing his claim on direct appeal. *Ugalde*, 861 F.2d at 809.

### e. Sufficiency of the Evidence

6

Finally, Garcia argues that the evidence offered by the government was insufficient to convict him. When exercising review of the sufficiency of the evidence at trial, "we must examine the totality of the evidence, both direct and circumstantial," *United States v. Miller*, 527 F.3d 54, 62 (3d Cir. 2008) (quoting *United States v. Gambone*, 314 F.3d 163, 170 (3d Cir. 2003)), and "interpret the evidence in the light most favorable to the government as the verdict winner." *Id*. at 60 (quoting *United States v. Taftsiou*, 144 F.3d 287, 290 (3d Cir. 1998)). "The burden on a defendant who raises a challenge to the sufficiency of the evidence is extremely high." *United States v. Iglesias*, 535 F.3d 150, 155 (3d Cir. 2008) (quoting *United States v. Lore*, 430 F.3d 190, 203 (3d Cir. 2005)). "We will overturn a jury verdict 'only when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt . . . .'" *United States v. Thayer*, 201 F.3d 214, 218-19 (3d Cir. 1999) *(*quoting *United States v. Anderson,* 108 F.3d 478, 481 (3d Cir.1997)).

Garcia's main contention is that the government failed to bring forth sufficient evidence to support the requisite *mens rea* of "knowingly and willfully" under § 1001(a),[1] and therefore, the District Court erred in finding him guilty on all three counts. The government admitted into evidence the Form CA-1032, "Annual Disability Questionnaire," that Garcia submitted by mail to the Department of Labor's Office of Workers' Compensation Programs (OWCP) in connection with his collection of

---

[1] Appellant does not specifically discuss how the evidence is insufficient as to his convictions under § 1341 or § 1920; however, as explained below, appellant's claim still fails even if we apply his § 1001 argument to the convictions under § 1341 and § 1920.

disability benefits. The Form CA-1032 required Garcia to report any work he had performed within the preceding 15-month period[2] and contained a warning in bold letters alerting claimants that "[a] false or evasive answer to any question, or the omission of an answer, may be grounds for forfeiting your compensation benefits and . . . . may result in criminal prosecution." App. 198a. In addition, the form required claimant to report any improvement in his disability status or medical condition, and contained a certification at the end of the form, just above claimant's signature, whereby claimant acknowledged that he understood that:

> anyone who fraudulently conceals or fails to report income or other information which would have an effect on benefits, or who makes a false statement or misrepresentation of a material fact in claiming a payment or benefit . . . may be subject to criminal prosecution . . . . [and] must immediately report to OWCP any improvement in my medical condition. App. 204a-205a.

The government presented ample testimony establishing that Garcia failed to report any of his employment or business activities on his Form CA-1032, and presented other evidence showing that Garcia failed to report any improvements in his medical conditions. Appellee Br. 29-33.

As *mens rea* can be proven entirely with circumstantial evidence, *United States v. Torres*, 862 F.2d 1025, 1027 (3d Cir. 1988), it is clear that the record contains sufficient evidence by which a rational trier of fact could find Garcia guilty beyond a reasonable doubt. *United States v. Introcaso*, 506 F.3d 260, 264 n.2 (3d Cir. 2007) (citing *Jackson v.*

---

[2] The CA-1032 requires the claimant to report any self-employment, any employment enterprise, including a family business, and any ownership in any business enterprise, even if such activity is part-time or intermittent. App. 200a.

*Virginia*, 443 U.S. 307, 318-19 (1979)).  The District Court did not err in finding that Garcia acted willfully and knowingly.  Accordingly, we will deny Garcia's challenge to his conviction.

### III.  Conclusion

For all of these reasons, we will affirm the order of the District Court.