# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10208
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MOISES JIMENEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:16-CR-83-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Moises Jimenez was convicted of distribution and possession with intent to distribute cocaine, distribution and possession with intent to distribute at least 500 grams of methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime. Jimenez was subject to an enhanced sentence under 21 U.S.C. § 841 and was sentenced to life imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10208

Jimenez contends that the district court improperly dismissed his motion for a new trial without reviewing the merits or holding an evidentiary hearing. He concedes that the motion was untimely but contends that the belated filing should be excused because he tried to file a pro se motion for a new trial within the appropriate period. Jimenez alleges that he had to proceed pro se because his counsel effectively was absent. He also briefs the merits of an ineffective-assistance-of-counsel claim. The Government moves to dismiss the claim.

The district court may grant a new trial in the interest of justice. FED. R. CRIM. P. 33(a). If the motion is based on newly discovered evidence, it must be filed within three years of the verdict or finding of guilt. FED. R. CRIM. P. 33(b)(1). Otherwise, the motion must be filed within 14 days of the verdict or finding of guilt. FED. R. CRIM. P. 33(b)(2). We review the district court's denial of a motion for a new trial for an abuse of discretion. *See United States v. Isgar,* 739 F.3d 829, 841 (5th Cir. 2014).

The motion for a new trial was filed more than 14 days after the verdict and, accordingly, Jimenez could obtain relief only if the motion relied on newly discovered evidence. *See* FED. R. CRIM. P. 33(b)(1), (2). His motion, however, set forth ineffective-assistance claims that are not based on new evidence. *See United States v. Medina,* 118 F.3d 371, 372 (5th Cir. 1997); *United States v. Ugalde,* 861 F.2d 802, 805-10 (5th Cir. 1988). Although he filed a pro se motion for a new trial within 14 days of the verdict, that motion was properly ignored because he was represented by counsel when it was filed. *See United States v. Daniels,* 572 F.2d 535, 540 (5th Cir. 1978). Jimenez's claim that the untimeliness of the motion should be excused due to counsel's ineffectiveness was not properly developed in the district court and, thus, we decline to review the claim without prejudice to his ability to assert it in a 28 U.S.C. § 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 503-09 (2003); *Isgar,* 739

F.3d at 841; *Ugalde*, 861 F.2d at 809.  There was no basis for the district court to hold an evidentiary hearing and, thus, the court did not abuse its discretion by declining to do so.  *See United States v. Bishop*, 629 F.3d 462, 469 (5th Cir. 2010).

Jimenez also argues his sentence is unconstitutional because only a jury—and not the sentencing court—could adjudicate whether his sentence could be increased under § 851 based on his prior convictions.  He contends that any fact that increased his sentence had to be proven beyond a reasonable doubt and, therefore, the district court applied the wrong standard of proof in finding that he was subject to an increased punishment.  He acknowledges that this claim is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but maintains that several justices of the Supreme Court have expressed their disagreement with the decision.  The Government has moved for summary affirmance as to this claim.

As Jimenez acknowledges, his claim is foreclosed by *Almendarez-Torres*. The Supreme Court's subsequent decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), did not overrule *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014).

Given the foregoing, the Government's motion for summary affirmance is GRANTED, its motions to dismiss and for an extension of time to file an appellate brief are DENIED, and the judgment of the district court is AFFIRMED.